# EXHIBIT 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI Corp, a Nevada corporation. and X.AI LLC, a Nevada limited liability company,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>XUECHEN LI, an individual,<br><br>　　　　　　　Defendant. | Case No.   3:25-cv-07292-RFL<br><br>**[PROPOSED]** **ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMITTING EXPEDITED DISCOVERY AS MODIFIED** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMITTING EXPEDITED DISCOVERY AS MODIFIED**

Having considered the Motion for Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, and Order Permitting Expedited Discovery ("Motion") filed by Plaintiffs X.AI Corp. and X.AI LLC (collectively, "Plaintiffs" or "xAI") seeking to immediately enjoin Defendant Xuechen Li's ("Defendant" or "Li") from engaging in certain acts in breach of his Employee Confidential Information and Invention Assignment Agreement signed by Li on February 26, 2024 (the "Agreement"),[1] and for the reasons set forth on the record at the September 2, 2025 hearing, the Court finds that the evidence establishes the elements necessary for the issuance of a temporary restraining order and good cause for permitting expedited discovery.

Accordingly, the Court hereby **GRANTS** xAI's Motion and **ORDERS** the following relief:

1. Li shall, within three business days of the issuance of this Order,

    a. temporarily surrender control and access (for a period of 14 days or less to allow for a forensic examination to identify, remediate, and/or delete Confidential Information belonging to xAI) to any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are currently accessible by Li or in Li's possession, custody, or control, but he may procure new devices and create new accounts going forward, so long as nothing is moved there from his existing devices and accounts;

    b. return to xAI, through its counsel of record, all Confidential Information belonging to xAI currently in Li's possession, custody, or control, that exists in any physical form (e.g., notepad, paper files);

    c. provide a written statement identifying all personal locations, personal devices, personal accounts, or personal storage media–whether physical or electronic–where any Confidential Information belonging to xAI is or has been stored, maintained,

---

[1] A copy of the Agreement shall be provided to Defendant Li along with this Temporary Restraining Order so that Defendant Li has full knowledge of the information, including the definition of Confidential Information.

or accessed;

d. provide, and not modify for the 14-day period referenced in (a) above, the passwords, credentials, keys, MultiFactor Authentication information, and other information necessary to fully access all devices, repositories, storage media, and accounts listed in (a); and

e. for any password or credentials listed in relation to (a) which Defendant claims he has forgotten or is unsure how to readily access, cooperate and work with xAI to reset or recover the same and/or to otherwise cooperate with xAI as necessary to provide xAI access to such accounts and devices listed in (a).

2. Li, his agents, employees, partners, and any others acting in concert with him or on his behalf, are hereby enjoined from:

a. controlling, logging into, or otherwise accessing (other than as required by 1(e) above) any personal electronic devices (e.g., cellular devices, computers), online storage repositories (e.g., Gmail, Google Drive, iCloud), or other electronic storage devices that are currently accessible by Defendant or in Defendant's possession, custody, or control, but he may procure new devices and create new accounts going forward, so long as nothing is moved there from his existing devices and accounts;

b. possessing, using, copying, reproducing, disclosing, transferring (including to a third party), disseminating, or otherwise exploiting, any Confidential Information (as defined in the Agreement), including the xAI files uploaded to his Personal System, and any copies, derivatives, or materials created therefrom;

c. destroying, deleting, changing, altering, or otherwise eliminating any version (whether hard copy, native, or electronic) of any documents or electronically stored information on any device or in any account (whether in printed form or downloaded to any remote storage system, computer, hard drive, server, disk drive, flash drive, cellular telephone, CD, DVD, USB drive, or any other device that can be used to electronically store data or information) relating to the Confidential

Information;

d. disposing of, deleting, changing, altering, wiping, tampering with, or destroying any remote storage systems (including cloud storage accounts), computers, hard drives, servers, disk drives, flash drives, cellular telephones, CDs, DVDs, USB drives, and any other devices that can be used to electronically store data or information that are (a) currently accessible by Defendant or in Defendant's possession, custody, or control; or (b) have been accessible by Defendant or in Defendant's possession, custody, or control, since February 26, 2024, and any data, files, information, forensic remnants, or digital artifacts stored on or within the device;

e. destroying, deleting, changing, altering, or otherwise eliminating any emails to or from any email accounts used by Defendant since February 26, 2024, either in printed form or downloaded to any computers, laptops, online storage repositories, cloud storage, or electronic storage devices;

f. destroying, deleting, changing, altering, or otherwise eliminating any text, electronic postings, or other application messages from any cellular telephones or devices, computers, laptops, online storage repositories, cloud storage, or electronic storage devices (a) are currently accessible by Defendant or in Defendant's possession, custody or control; or (b) have been accessible by Defendant, or in Defendant's possession, custody or control, since February 26, 2024; and

g. Violating, aiding, or participating in the violation of any terms of the Agreement or Termination Certification, as detailed in the Complaint;

3. Li is hereby enjoined from having any role or responsibility at OpenAI or any other competitor of xAI pertaining to generative AI including without limitation OpenAI's ChatGPT until xAI has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted.

4. Li is hereby enjoined from having any communication on the subject of generative AI

with any officer, director, employee, agent, supplier, consultant, or customer of OpenAI or any other competitor of xAI until xAI has confirmed that all of xAI's Confidential Information in Li's possession, custody, or control has been deleted.

      5.    xAI is granted leave to propound expedited discovery immediately in aid of preliminary injunction proceedings before this Court as follows, and Li is ordered to respond and comply with such discovery, as follows:

      a.    Li shall respond to xAI's First Set of Interrogatories (attached hereto as **Exhibit A**) under oath within seven days of entry of this Order;

      b.    Li shall respond to and comply with xAI's First Set of Requests for Production (attached hereto as **Exhibit B**) within seven days of entry of this Order; and

      c.    Li is to sit for deposition at a time and place mutually agreed between the parties, but no later than ten (10) days of entry of this Order.[2]

**IT IS FURTHER ORDERED** that the accounts and devices subject to the above provisions are limited to the those that Li created or accessed on or after the date that he started working for xAI.

**IT IS FURTHER ORDERED** that if Li objects to complying with any of the above-described relief on the basis of the attorney-client privilege, then he must: (1) provide a privilege log; and (2) produce the non-privileged information by another means (*e.g.*, conducting third-party forensic imaging of devices which will be produced with redactions).

**IT IS FURTHER ORDERED** that, if Defendant refuses to comply with any of the relief described in Paragraphs 1 and 5 above based on his assertion of the right against self-incrimination under the Fifth Amendment, Defendant shall identify the specific portions with which he refuses to comply by **September 3, 2025**. The relief described in Paragraphs 2-4 does not appear to implicate the Fifth Amendment. The Parties shall file simultaneous briefing of no longer than 10 pages by **September 8, 2025,** on the issue of whether the Court should nonetheless order compliance despite Li's Fifth Amendment objections, and the Court will schedule a hearing if necessary. Any forthcoming order resolving the Fifth Amendment issue will address xAI's request at the September 2 hearing for an early

---

[2] Li remains free to object to xAI's discovery requests as permitted under the ordinary rules of discovery, but any objections must be submitted within the deadlines set forth in Paragraph 5 above.

Rule 26 conference.

**IT IS FURTHER ORDERED** that Li must show cause why a preliminary injunction should not issue at a hearing on **October 7, 2025, at 10:00 a.m.** Li shall file his opposition by **September 16, 2025**, and xAI shall file its reply by **September 23, 2025.** If the Parties wish to stipulate to further extend the hearing date, they must file their stipulation and proposed order by no later than **September 23, 2025**. Any such stipulation and proposed order shall: (a) confirm the Parties' agreement that there is good cause to extend this Temporary Restraining Order through the newly proposed hearing date; (b) require submission of the reply brief at least 14 days prior to the newly proposed hearing date; and (c) select the newly proposed hearing date after confirming the Court's availability either through the public calendar or communications with the Courtroom Deputy.

**IT IS FURTHER ORDERED** that, if the Parties believe referral to a magistrate judge for an emergency settlement conference would be productive, the Parties may submit a stipulation and proposed order to that effect.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order, unless extended for good cause or by agreement of the Parties, will expire by its terms at 9:00 p.m. on October 7, 2025. The Court finds good cause to extend this Order to that date, based on the Parties' stipulation at the hearing and the complexity of the issues.

DATE: September 2, 2025

_____
RITA F. LIN
United States District Judge