1  KATHI VIDAL (State Bar No. 194971)
   kvidal@winston.com
2  MATTHEW R. MCCULLOUGH (State Bar No. 301330)
   mrmcullough@winston.com
3  CARSON SWOPE (State Bar No. 353352)
   cswope@winston.com
4  **WINSTON & STRAWN LLP**
   255 Shoreline Drive, Suite 520
5  Redwood City, CA 94065
   Telephone: (650) 858-6500
6  Facsimile: (650) 858-6550

7  LEELLE B. SLIFER (*pro hac vice* pending)
   lslifer@winston.com
8  JONATHAN HUNG (*pro hac vice* pending)
   johung@winston.com
9  **WINSTON & STRAWN LLP**
   2121 N. Pearl Street, Suite 900
10 Dallas, TX 75201
   Telephone: (214) 453-6500
11 Facsimile: (214) 453-6400

12 Attorneys for Plaintiff X.AI LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC,<br><br>Defendants. | CASE NO. 3:25-CV-08133-RFL<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>JUDGE RITA F. LIN |

## I. INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiff X.AI LLC ("xAI") respectfully submits this administrative motion in support of relating *In re Application of X.AI LLC for Subpoena to OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC*, Case No. 3:25-mc-80299-JCS ("Section 1782 Application"), filed on Friday, September 26 in this Court and currently assigned to the Honorable District Court Judge Joseph C. Spero, to this action, *X.AI Corp. et al. v. OpenAI, Inc. et al.*, Case No. 3:25-cv-08133-RFL (the "*OpenAI* Action"), which is the lower-numbered case. This administrative motion is brought by counsel for X.AI LLC, who is a party in both actions—as Plaintiff in the *OpenAI* Action and as Applicant in the Section 1782 Application—is supported by the accompanying declaration of counsel,[1] and is based on the following grounds.

## II. ARGUMENT

Under Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both requirements are satisfied here.

### A. The Section 1782 Application and *OpenAI* Action involve substantially overlapping parties, identical property, and overlapping events.

What began with the discovery that early xAI engineer Xuechen Li maliciously and admittedly stole xAI's entire code base—the subject of *X.AI Corp. et al v. Xuechen Li*, Case No. 3:25-cv-07292-RFL ("*Li* Action")—was quickly followed by xAI learning that another early xAI engineer—Jimmy Fraiture—was also harvesting xAI's source code and airdropping it to his personal devices to take to OpenAI, where he now works. Before xAI uncovered that this was part of a broader and deeply troubling pattern of trade secret misappropriation, unfair competition, and intentional interference with

---

[1] Civil Local Rule 7-11(a) requires an administrative motion "be accompanied … by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." The defendants in the *OpenAI* Action, who are also Respondents with respect to the Section 1782 Application, have not yet made any appearance in either proceeding, and thus their position on this motion is unknown. *Id.* ¶ 3. The OpenAI parties will be served with the motion after filing, in compliance with Civil L.R. 3-12. *Id.*

economic relationships by OpenAI—the subject of the *OpenAI* Action which this Court recently administratively related to the *Li* Action under Civil Local Rule 3-12 on such grounds, *See* Dkt. 19; *Li* Action Dkt. 58, xAI brought action against Fraiture in the UK (*Fraiture* Action). *See* 1782 Application, Dkt. 1-15 (Ex. 12, UK complaint). The Section 1782 Application seeks discovery for the *Fraiture* Action.

The events of the Section 1782 Application share a common nucleus of operative facts to the *OpenAI* Action, including overlapping parties, identical property, and overlapping events and these proceedings should therefore be related. The events at issue in the Section 1782 Application **are identical to events** at issue in the *OpenAI* Action. Both proceedings involve facts admitted by Fraiture that he was harvesting choice xAI code and airdropping it to his personal devices. And, both involve facts relating to Fraiture taking to OpenAI the xAI code most valuable to OpenAI.

Bigger picture, both proceedings involve OpenAI's poaching of xAI employees with access to the xAI Confidential Information most critical to xAI's technical and operational innovations and using those employees to steal xAI's Confidential Information. The Section 1782 Application focuses on Jimmy Fraiture's actions with regard to xAI's trade secrets, and obtaining discovery from OpenAI pursuant to 28 U.S.C. § 1782 in support of xAI's foreign proceedings against Fraiture alleging trade secret misappropriation and breach of contract in the UK. The *OpenAI* Action involves the same OpenAI conduct with regard to Fraiture, as well as conduct relating to other xAI employees such as Li.[2]

Both actions involve an overlapping party, X.AI LLC, as Plaintiff in the *OpenAI* Action, and as Applicant in the Section 1782 Application, and the Respondents to the Section 1782 Application are **identical** to the defendants of the *OpenAI* action. Further, the property that is the subject of the *OpenAI* Action includes the **exact same property** at issue in the Section 1782 Application—xAI's proprietary AI technology and related confidential information including key portions of xAI's code base.

---

[2] In addition to Li and Fraiture, as alleged in the *OpenAI* Action, one of xAI's top executives was departing and bringing to OpenAI another piece of the puzzle, xAI's "secret sauce" of rapid data center deployment—with no intention to abide by his legal obligations to xAI.

Both the Section 1782 Application and the *OpenAI* action arise from a common nucleus of operative facts concerning the misappropriation, subsequent use and/or acquisition of this exact property. The operative facts underlying both proceedings are substantially identical: xAI alleges that Fraiture stole and exfiltrated confidential information during his employment, that OpenAI acquired and used this same confidential information by hiring Fraiture and other former xAI employees, and that OpenAI's recruitment and onboarding practices were designed to obtain and exploit xAI's trade secrets for competitive advantage.

Both proceedings thus require the Court to determine, including as it relates to the proper scope of discovery from OpenAI, the scope and nature of xAI's trade secrets, the circumstances of Fraiture's alleged misappropriation, and the extent of any use or disclosure by Fraiture and/or OpenAI; and the resulting harm to xAI.

### B. There is a substantial risk of duplicative proceedings, inconsistent results, and judicial inefficiency.

As to the second element, if the Section 1782 Application and the *OpenAI* Action proceed before different judges, there is a substantial risk of unduly burdensome duplication of labor and expense, as well as inconsistent rulings on legal and factual issues. As stated in detail above, both actions may require adjudication of common issues, including: the existence and scope of xAI's trade secrets; the circumstances and nature of the alleged misappropriation; the use or disclosure of confidential information by Fraiture and/or OpenAI; and the resulting harm to xAI.

Thus, discovery in both cases will necessarily overlap, because discovery will be sought from OpenAI in the *OpenAI* Action as well as the Section 1782 Application, and furthermore, Fraiture will be a third-party witness in the *OpenAI* Action.

Relating the cases will allow for coordinated discovery and a streamlined process for resolving the complex and intertwined claims arising from the alleged misappropriation of xAI's trade secrets. Ultimately, this will prevent unnecessary expenditure of judicial and party resources and decrease the risk of inconsistent rulings on overlapping issues.

### III. CONCLUSION

For the foregoing reasons, the Section 1782 Application and *OpenAI* Action satisfy both

prongs of Civil Local Rule 3-12 and should be deemed related.  Both cases arise from the same core facts, involve overlapping parties and identical property, and present common legal and factual issues regarding the alleged misappropriation of xAI's trade secrets. Relating these actions will promote judicial efficiency, avoid duplicative proceedings, and ensure consistent and fair adjudication.

| | |
|---|---|
| Dated: September 29, 2025 | **WINSTON & STRAWN LLP** |
| | By: */s/ Kathi Vidal* |
| | KATHI VIDAL (State Bar No. 194971)<br>kvidal@winston.com<br>MATTHEW R. MCCULLOUGH (State Bar No. 301330)<br>mrmcullough@winston.com<br>CARSON SWOPE (State Bar No. 353352)<br>cswope@winston.com<br>**WINSTON & STRAWN LLP**<br>255 Shoreline Drive, Suite 520<br>Redwood City, CA 94065<br>Telephone: (650) 858-6500<br>Facsimile: (650) 858-6550 |
| | LEELLE B. SLIFER (*pro hac vice* pending)<br>lslifer@winston.com<br>JONATHAN HUNG (*pro hac vice* pending)<br>johung@winston.com<br>**WINSTON & STRAWN LLP**<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>Telephone: (214) 453-6500<br>Facsimile: (214) 453-6400 |