CAROLYN HOECKER LUEDTKE (SBN. 207976)
carolyn.luedtke@mto.com
DANE P. SHIKMAN (SBN. 313656)
dane.shikman@mto.com
GABRIEL M. BRONSHTEYN (SBN. 338011)
gabriel.bronshteyn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JONATHAN I. KRAVIS (*pro hac vice* pending)
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300

Attorneys for Defendants OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC, | Case No. 3:25-cv-08133-RFL |
| Plaintiffs, | **OPENAI'S ANSWER AND AFFIRMATIVE DEFENSES** |
| vs. | |
| OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC, | |
| Defendants. | |

1    To advance its mission of ensuring that artificial general intelligence benefits all of

2    humanity, OpenAI fairly and lawfully hires the best researchers, engineers, and experts in the

3    field.  This top talent comes to OpenAI for the opportunity to join the team that built and continues

4    to advance groundbreaking artificial intelligence technology used by hundreds of millions of

5    people around the world.  Unable to match OpenAI's innovation, xAI has filed this groundless

6    trade secret lawsuit.  To be clear:  OpenAI does not need or want anyone's—much less xAI's—

7    trade secrets to achieve OpenAI's mission.  OpenAI has no tolerance for any breaches of

8    confidentiality, nor any interest in trade secrets from other companies.  But this lawsuit is not

9    about trade secrets or confidential information.  Instead, this case is clearly designed to generate

10   publicity to bully and threaten those employees who exercised their right to leave and work

11   elsewhere in the AI industry and to try to chill further flight from xAI.  This is just the latest

12   chapter of Elon Musk's ongoing harassment of OpenAI in an effort to distract from the failures of

13   his own competitive AI effort.[1]  This time, however, he has resorted to attacking the reputation of

14   hardworking members of the OpenAI team.  OpenAI strongly rejects these tactics, and will

15   support its employees every step of the way.

16       The truth is that xAI is hemorrhaging talent to other competitors, including OpenAI.

17   These individuals have a right under California law to change jobs without harassment by xAI and

18   to identify the company with the leadership and vision that aligns with their preferences.  And

19   OpenAI should be able to welcome those people best suited to advance its mission, also free from

20   interference from xAI.  Stripped of its unsupported guesswork and baseless insinuations, xAI's

21   Complaint offers no evidence whatsoever that OpenAI has done anything wrong.

22

23

24

---

[1] This is not the first time that Musk has resorted to baseless accusations and litigation rather than compete fairly in the field of artificial intelligence.  After failing to wrest control of OpenAI and then founding xAI, Musk launched a public media campaign attacking OpenAI's leadership and denigrating the company.  Starting in February 2024, Musk filed, withdrew, filed again and then amended multiple lawsuits in California alleging various meritless theories ranging from breach of contract to antitrust claims.  More recently, Musk filed a separate lawsuit in Texas, asserting overlapping antitrust claims.  And, now a new chapter, with new meritless theories, begins in this Court.

OPENAI'S ANSWER AND AFFIRMATIVE DEFENSES

Set forth below is OpenAI's summary of its defense, followed by a response to each paragraph in the Complaint.  OpenAI has filed a separate motion to dismiss the Complaint in its entirety.  OpenAI generally denies each and every allegation except those specifically admitted.

## I.    SUMMARY OF DEFENSE

### A.    OpenAI Lawfully Seeks Out Talent to Advance its Mission

At the core of xAI's Complaint is the allegation that OpenAI improperly encouraged xAI employees to leave and interfered with xAI's relationship with them.  This is false.  xAI's employees are fleeing.  The exodus is widespread, and it is not limited to employees joining OpenAI.  In just the last few months, xAI's top lawyer (general counsel), another senior lawyer, one of its top engineers (one of its founders who led its engineering teams), and the CEO of its subsidiary, X, all resigned.  None of them joined OpenAI.  The *Wall Street Journal*, like many news outlets, has reported on the departures, noting that "executive conflicts inside xAI showcase how Musk's unorthodox approach to running companies is complicating his ambitions to build the world's dominant AI company."[2]  xAI employees have exercised their statutory right to leave the company for a variety of reasons, including dissatisfaction with the management style of Musk, a lack of faith in the future success of xAI or its products, concerns about company decisions, and an unforgiving, unmanageable work schedule.  Many of the departures coincide with a series of incidents this summer where xAI's AI product Grok reportedly "published a number of antisemitic posts," including calling itself "MechaHitler," which was "its second flurry of controversial responses to users in recent months."[3]

xAI's unfounded allegations in its Complaint attempt to blame OpenAI for its employee departures.  That is clearly a false narrative. As one example, the Complaint alleges that an unnamed senior finance executive "quit his job . . . as part of a corrupt bargain to use and exploit xAI's Confidential Information for the benefit of OpenAI."  Compl. ¶ 111.  As xAI knows, this is

---

[2] *Executives at xAI Clashed With Musk Advisors Before Departing,* The Wall Street Journal (Sept. 17, 2025), https://www.wsj.com/tech/ai/elon-musk-xai-executives-advisers-clash-eac3913b.

[3] Alexander Saeedy, *Elon Musk's Grok Chatbot Publishes Series of Antisemitic Posts*, The Wall Street Journal (July 8, 2025), https://tinyurl.com/44aadrpx.

not true—the only corruption was xAI's illegal activities.  The finance employee left xAI because he refused to engage in or tolerate the unlawful activity he observed at xAI, as set forth in an arbitration demand he recently filed.  He also resigned from his senior finance position because he was never provided the access to information or control of the finances necessary for the proper performance of his role.  He had no contact with OpenAI during his employment at xAI and did not connect with OpenAI until several weeks after he departed xAI.  Thus, OpenAI did not "poach" the senior finance employee whatsoever (let alone with improper tactics).  Rather, he was driven out by xAI's actions and he, like others, chose to take a job at OpenAI because he wanted to be part of its purpose-driven mission, not an employee of an unlawful enterprise.

Nor has OpenAI somehow "targeted" xAI employees with access to xAI Confidential Information.  Of course, OpenAI does value experience in AI.  That is not part of some nefarious plan; it is a common sense hiring criteria.  xAI does the same thing.  xAI's own founders came from AI competitors—for instance, Igor Babuschkin came from a background at OpenAI and Google DeepMind, Greg Yang from Microsoft, and Tony Wu and Christian Szegedy also from Google.[4]  To this day, xAI (like OpenAI and every other AI lab) actively recruits employees with AI experience.  And while OpenAI unsurprisingly looks to hire strong, experienced talent from across the industry, OpenAI tells employees that it does not want third-party confidential information, and requires all incoming employees to agree that they will not bring confidential information from prior employers into OpenAI or use it in their work at OpenAI.

## B.     Trade Secret Allegations

xAI tries to style this litigation as a case about OpenAI somehow stealing source code and other trade secrets.  Again, this is not true.  On its face, the Complaint is devoid of any actual allegations of wrongdoing by OpenAI.  It relies on allegations about OpenAI "on information and belief," conceding that xAI does not have any evidence to support the allegations (understandably, since they are false).  And xAI does not even allege—even on information and belief—that there

---

[4] *Elon Musk launches AI firm xAI as he looks to take on Open AI*, Reuters (July 13, 2023), https://www.reuters.com/technology/elon-musks-ai-firm-xai-launches-website-2023-07-12/.

is any evidence that former xAI employees disclosed any confidential information to OpenAI or used it in their work there.

- **Xuechen Li**.  xAI alleges that Li downloaded source code after accepting an offer with OpenAI, and then took steps to obfuscate his actions including visiting websites about file recovery.  But xAI admits that Li *never joined OpenAI*.  Compl. ¶ 76.  OpenAI had no role in Li's alleged actions.  It did not ask Li to download the source code, Li did not transfer the source code to OpenAI, and he did not tell OpenAI that he had downloaded code.

- **Tifa Chen**.  xAI tries to hide its complete lack of evidence behind misleading insinuations.  xAI alleges that Chen, an OpenAI recruiter, sent Li a Signal message on July 24 telling him she was sending him "a link to, on information and belief, a cloud storage location," and emphasizes that this was allegedly the day before Li purportedly downloaded code from xAI to his personal cloud account.  Compl. ¶¶ 54-55.  But xAI has access to Li's email and knows that the link sent by Chen was merely a standard link to a recruiting portal that contained documents related to OpenAI benefits and compensation that would accompany any future offer, followed by an updated link a few days later with the offer.  Crucially, Li did not have upload or even download privileges for that recruiting folder.  Nothing unsavory, just *standard industry recruiting practice*.  Because xAI did not provide these communications in its Complaint (for obvious reasons), OpenAI includes them here:

### Chen's Recruiting Emails with Li, and the Contents of the Recruiting Portal



-4-                                              Case No. 3:25-cv-08133-RFL
OPENAI'S ANSWER AND AFFIRMATIVE DEFENSES

1
2
3

| | |
|---|---|
| **From**: | Tifa Chen |
| **Sent**: | 7/28/2025 10:34:43 PM |
| **To**: | lxuechen |
| **CC**: | tifa |
| **Subject**: | OpenAI Employment Offer for Xuechen Li |

Hi Xuechen,
We are thrilled to offer you a full-time position to join OpenAI's mission to build safe and beneficial AGI! We believe exceptional people like you will be key to our success.
Please review the important offer details and action items below and let me know if you have any questions.
We're excited to welcome you to the team soon!
-Tifa
**Open this DocSend space to review your compensation, benefits, and equity information.***

4
5
6
7

8    This allegation underscores how absurd, deceptive, and harmful xAI's claims are.
9    xAI is knowingly taking ordinary, industry-standard recruiting communications,
     made by a long-time employee who has performed her job with outstanding skill
10   and integrity and conducted herself with the highest ethical standards, and falsely
     twisting them into some sort of implausible spy craft, intentionally damaging the
11   reputation of all involved with its untrue allegations.  The legal process should not
     be allowed to be perverted in this manner.

12
13   • **Jimmy Fraiture.**  The allegations related to Fraiture are even thinner.  xAI alleges
        that Fraiture accepted an offer with OpenAI, and that he transferred source code to
14      a personal laptop and then deleted it while still employed by xAI.  Compl. ¶¶ 97,
        100.  xAI does not even try to suggest any encouragement by OpenAI to download
15      code or any transfer to OpenAI, because no such facts exist.

16   • **Unnamed Senior Finance Executive**.  xAI's Complaint does not allege that the
17      finance employee downloaded, retained, disclosed or used any confidential or trade
        secret xAI information.  Instead, xAI's only complaint about the finance employee
18      is merely that he had access to such information during the three months he worked
        at xAI.  But this would be expected of any such employee as part of their everyday
19      job duties.  In other words, xAI's complaint is not about any alleged wrongdoing,
20      but just ordinary course of business.  However, the law in California is settled that
        an employee with access to confidential information for work can still change jobs,
21      just as xAI's founders did.  xAI's suggestion that it was somehow wrongful for the
        finance employee to accept employment and work at OpenAI violates both
22      California law and public policy, which protects the right of employees to freely
        change jobs while honoring their confidentiality obligations, as the finance
23      employee has done.

24   • **Other Named Former xAI Employees**.  xAI's Complaint lists additional names of
25      individuals who left xAI and later joined OpenAI with no allegation that they or
        OpenAI engaged in any wrongdoing.  Identifying these individuals by name
26      gratuitously, xAI seeks to build on its campaign of intimidation.

27       The weakness and/or sheer lack of xAI's allegations underscore that this is not a case
28   where xAI has any legitimate concern that there has been any trade secret theft.

1    xAI's own actions confirm that its true intent is to continue Musk's harassment campaign

2    against OpenAI.  Other than a tweet by Musk, xAI has not taken basic steps to advance this

3    litigation or protect its purported trade secrets since filing the Complaint.  xAI waited five days to

4    serve the Complaint, and to this day (more than a week later) has not provided notice of the

5    Complaint to OpenAI's known counsel in this matter.  xAI has not sought a temporary restraining

6    order for OpenAI despite breathlessly exclaiming the imminent danger that the so-called source

7    code theft presented.  And in a recent motion to relate this case to the preexisting case against Li,

8    xAI's counsel told the Court that it would serve the motion on OpenAI, but it did not do so until

9    four days later, continuing to inexplicably promote this litigation in the press and through a tweet,

10   but not to OpenAI's known counsel.

11        In fact, prior to the filing of the Complaint, OpenAI's counsel repeatedly asked xAI's

12   counsel for specific information about the allegedly misappropriated confidential information so

13   that OpenAI could investigate and confirm that this information was never provided to OpenAI, or

14   mitigate the situation if it ever was.  Yet xAI did not respond to those requests, and opted instead

15   to file this public Complaint and fire off a tweet without notice to OpenAI or its counsel.

16   Confirming xAI's casual attitude toward purportedly confidential information, xAI has its

17   employees use personal messaging applications on personal devices for work communications,

18   and in some cases has continued pushing xAI information to those employees' devices even after

19   those employees left xAI and tried to leave those messaging channels.  These are not the actions of

20   a company seeking to protect its confidential information.

21        OpenAI will continue to advance its mission of ensuring that artificial general intelligence

22   benefits all of humanity while respecting the intellectual property of its competitors and protecting

23   the rights of its employees.  OpenAI will not be intimidated by bully tactics dressed up as baseless

24   lawsuits like this one.  And OpenAI will protect current, new, and prospective employees from

25   xAI's intimidation because those employees are essential to OpenAI achieving its mission, and

26   because it is the right thing to do.

27                                    * * * * * *

28

Defendants (collectively, "OpenAI") answer the Complaint according to its numbered paragraphs as follows below. For the following response to the paragraphs in the Complaint, OpenAI has included the headings reflected in the Complaint to aid the Court in reviewing OpenAI's Answer. To the extent these headings include factual allegations, OpenAI expressly denies each and every allegation.

<strong><u>INTRODUCTION</u></strong>

1.    Denied.

2.    Denied.

3.    Denied.

4.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

5.    OpenAI admits that artificial intelligence is among the most powerful tools humans have ever invented, and that the technological innovations, scientific discoveries and medical breakthroughs that will come from artificial intelligence can improve the lives of people everywhere and drive lasting economic growth. Except as expressly admitted here, OpenAI denies this allegation.

6.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    OpenAI denies that OpenAI specifically targeted this former xAI employee for his knowledge of xAI's data center operations. Otherwise, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

12.    Denied.

<strong><u>NATURE OF THE ACTION</u></strong>

13.    This paragraph sets forth a legal conclusion to which no response is required.

# PARTIES

14.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15.    OpenAI admits that Defendant OpenAI, Inc. is a registered nonprofit organization incorporated under the laws of Delaware, with a place of business in San Francisco, California.

16.    OpenAI admits that Defendant OpenAI Global, LLC is a registered limited liability company formed under the laws of Delaware, with a place of business in San Francisco, California.

17.    OpenAI admits that Defendant OpenAI OpCo, LLC is a limited liability company formed under the laws of Delaware, with a place of business in San Francisco, California.

# JURISDICTION AND VENUE

18.    This paragraph sets forth a legal conclusion to which no response is required.

19.    This paragraph sets forth a legal conclusion to which no response is required.

20.    This paragraph sets forth a legal conclusion to which no response is required.

# GENERAL ALLEGATIONS

**The Ascent of Artificial Intelligence**

21.    OpenAI admits that generative AI may refer to systems that can create new content, including text, images, music, code, and more, by learning patterns from datasets, that generative AI is a transformational technology developed during the twenty-first century, and that unlike traditional AI, generative AI produces outputs that are more similar to what would be expected from a human response in a conversation.

22.    OpenAI admits that generative AI involves Large Language Models, and that generative AI has seen advancements in image, video, speech, and multimodal generation.  To the extent that this paragraph refers to what is "credited" to have caused the "advent of modern AI," OpenAI lacks knowledge or information sufficient to form a belief about the truth of these generically pled allegations, and on that basis denies them.

23.     OpenAI admits that generative AI models may be built upon advanced architectures, that they may be used to generate content, and that such technologies have become important to many industries.

24.     OpenAI admits that, as a general matter, the development of generative AI models requires significant financial and technical resources. Building a state-of-the-art model involves data acquisition and processing, computational infrastructure, and expert talent, all of which require significant capital investment.

25.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of these generically pled allegations, and on that basis denies them.

26.     OpenAI admits that OpenAI released ChatGPT as a research preview in November 2022, that ChatGPT allowed widespread public access to generative AI technology, and that ChatGPT has been powered by OpenAI's large language models.

27.     OpenAI admits that ChatGPT has contributed to a widespread adoption of generative AI technology.  OpenAI otherwise lacks knowledge or information sufficient to form a belief about the truth of these allegations, and on that basis denies them.

28.     OpenAI admits that ChatGPT has hundreds of millions of weekly active users.

**xAI and Its Groundbreaking Technology**

**RESPONSE:**  OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

29.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

30.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

31.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

32.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

OPENAI'S ANSWER AND AFFIRMATIVE DEFENSES

33.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

34.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

**xAI Protects Its Confidential Information and Trade Secrets**

**RESPONSE:**  OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

35.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

36.    OpenAI denies that xAI has implemented industry standard or industry leading practices for protecting its confidential information and denies more specifically that xAI secures employee devices, including but not limited to employee personal phones used for xAI business, per xAI standard practice.  OpenAI otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

37.    This paragraph purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.

38.    This paragraph purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.

**Threatened by Grok, OpenAI Resorts to Poaching Specific xAI Employees to Access the xAI Confidential Information Most Needed by OpenAI to Unscrupulously Abscond with xAI's Innovative Technology**

**RESPONSE:**  Denied.

39.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

40.    Denied.

41.    Denied.

**Open AI Poaches Xuechen Li to Access xAI Source Code**

**RESPONSE:**  Denied.

42.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

43.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

44.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

45.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

46.    This paragraph purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.

47.    This paragraph purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.

48.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

49.    OpenAI admits that OpenAI communicated with Li as part of a standard hiring process.  OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding xAI's alleged investment in its future working relationship with Li, and on that basis denies them.  OpenAI otherwise denies the allegations.

50.    OpenAI admits that OpenAI was in contact with Li about a job opportunity at OpenAI as of July 2025.

51.    OpenAI denies the allegations that Li made a presentation to OpenAI for an interview on July 13, 2025, or that such presentation to OpenAI (which did not occur) contained xAI confidential information.  Otherwise, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

52.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

53.     Denied.

54.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.  The cloud storage location link sent to Li was a folder containing standard recruiting documents, such as benefits information, which Li accessed on that same day.  Li was not granted upload permissions for that folder.  Li could not and did not upload any source code to that or any other OpenAI folder.

55.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

56.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

57.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.  Chen was not aware of Li's alleged downloading of xAI source code.  Her message could not and did not pertain to it.

58.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

59.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

60.     OpenAI admits that OpenAI sent Li a job offer on July 28, 2025.  OpenAI otherwise denies the allegations.

61.     OpenAI admits that Li accepted his OpenAI job offer by August 1, 2025.  Otherwise, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

62.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

63.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

64.     This paragraph purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.  Otherwise, OpenAI

lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

65.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

66.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

67.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

68.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

69.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

70.    OpenAI denies that Li presented slides to OpenAI on July 13, 2025.  Otherwise, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

71.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

72.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

73.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

74.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

75.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

76.    This paragraph purports to quote and characterize a court order, to which OpenAI respectfully refers the Court for its complete and accurate contents.  OpenAI admits that it

1  revoked Li's job offer.  Otherwise, OpenAI lacks knowledge or information sufficient to form a

2  belief about the truth of the allegations, and on that basis denies them.

3        77.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

4  of the allegations, and on that basis denies them.

5        78.    OpenAI denies the allegations to the extent they suggest that OpenAI stands to gain

6  from Li's alleged misappropriation of xAI's codebase. Otherwise, OpenAI lacks knowledge or

7  information sufficient to form a belief about the truth of the allegations concerning Li's alleged

8  conduct, and on that basis denies them.

9        79.    Denied.

10        80.    Denied. To the extent this paragraph sets forth a legal conclusion regarding agency

11  principles, no response is required.

12  **OpenAI Poaches Jimmy Fraiture to Further Access xAI Source Code**

13        **RESPONSE**:  Denied.

14        81.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

15  of the allegations, and on that basis denies them.

16        82.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

17  of the allegations, and on that basis denies them.

18        83.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

19  of the allegations, and on that basis denies them.

20        84.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

21  of the allegations, and on that basis denies them.

22        85.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

23  of the allegations, and on that basis denies them.

24        86.    OpenAI lacks knowledge or information sufficient to form a belief about the truth

25  of the allegations, and on that basis denies them.

26        87.    OpenAI admits that OpenAI was in contact with Jimmy Fraiture as part of a

27  standard hiring process as of July 2025.  OpenAI otherwise denies the allegations.

28

88.     OpenAI admits that Tifa Chen set a calendar invite to meet with Jimmy Fraiture for recruiting purposes as early as July 17, 2025.  OpenAI also admits that Tifa Chen had been in contact with Li for recruiting purposes by that time.

89.     OpenAI admits that Tifa Chen and Jimmy Fraiture sometimes communicated regarding recruiting using the messaging platform Signal.  OpenAI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and on that basis denies them.

90.     OpenAI admits that Jimmy Fraiture scheduled a recruiting visit at OpenAI for July 24, 2025 and as a standard part of the interview process signed an OpenAI non-disclosure agreement.  This paragraph also purports to quote and characterize an xAI agreement, to which OpenAI respectfully refers the Court for its complete and accurate contents.

91.     OpenAI admits that OpenAI sent Jimmy Fraiture a job offer on July 29, 2025, that Fraiture accepted the offer by July 30, 2025, and that Fraiture began employment with OpenAI on September 2, 2025.  OpenAI otherwise denies the allegations.

92.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

93.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

94.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

95.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

96.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

97.     OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

98.     OpenAI admits that Jimmy Fraiture visited the OpenAI San Francisco office upon joining the company.  OpenAI also admits that Chen is based out of the San Francisco office.

99.    Denied.  To the extent this paragraph sets forth a legal conclusion regarding agency principles, no response is required.

100.    Denied.  To the extent this paragraph sets forth a legal conclusion regarding agency principles, no response is required.

101.    OpenAI admits that Jimmy Fraiture works at OpenAI.  To the extent this paragraph sets forth a legal conclusion regarding ratification, no response is required.

**OpenAI's Poaching of Li, Fraiture, and Other xAI Employees Reflects a Deliberate Scheme to Target Specific xAI Confidential Information**

**RESPONSE:**  Denied.

102.    Denied.

103.    Denied.

104.    OpenAI admits that OpenAI has hired an employee that was formerly a senior finance executive at xAI.

105.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

106.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

107.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

108.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

109.    OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

110.    Denied.

111.    Denied.

112.    OpenAI denies the allegation: "In the senior finance executive, OpenAI found a kindred spirit who simply did not care about xAI's legitimate interests in protecting its trade secrets."  With respect to allegations concerning this individual's alleged conduct, OpenAI lacks

1  knowledge or information sufficient to form a belief about the truth of the allegations, and on that

2  basis denies them.

3    113.  OpenAI lacks knowledge or information sufficient to form a belief about the truth

4  of the allegations, and on that basis denies them.

5    114.  OpenAI admits that OpenAI has hired Uday Ruddarraju, Sreekanth Pothanis, Mike

6  Dalton, Hieu Pham, and Ethan Knight.  With respect to the allegations concerning these

7  individuals' responsibilities at xAI, OpenAI lacks knowledge or information sufficient to form a

8  belief about the truth of the allegations, and on that basis denies them.  OpenAI otherwise denies

9  the allegations.

10    115.  Denied.

11    **<u>FIRST CAUSE OF ACTION</u>**

12    **(<u>Trade Secrets Misappropriation:  18 U.S.C. § 1836 *et seq.*</u>)**

13    116.  OpenAI repeats and incorporates by reference their responses to the foregoing

14  allegations.

15    117.  This paragraph sets forth a legal conclusion to which no response is required.

16    118.  This paragraph sets forth a legal conclusion to which no response is required.

17    119.  This paragraph sets forth a legal conclusion to which no response is required.

18    120.  This paragraph sets forth a legal conclusion to which no response is required.

19    121.  OpenAI lacks knowledge or information sufficient to form a belief about the truth

20  of the allegations, and on that basis denies them.

21    122.  OpenAI lacks knowledge or information sufficient to form a belief about the truth

22  of the allegations, and on that basis denies them.

23    123.  OpenAI lacks knowledge or information sufficient to form a belief about the truth

24  of the allegations, and on that basis denies them.

25    124.  OpenAI lacks knowledge or information sufficient to form a belief about the truth

26  of the allegations, and on that basis denies them.

27    125.  Denied.

28    126.  Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. To the extent this paragraph refers to the contents of information allegedly taken by individuals formerly employed by xAI, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them. To the extent this paragraph sets forth a legal conclusion regarding interstate commerce, no response is required.

133. OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied. To the extent this paragraph sets forth a legal conclusion regarding the damages available to xAI, no response is required.

139. To the extent this paragraph describes Li and Fraiture's alleged conduct, OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them. OpenAI denies that any such alleged conduct was performed in concert with, at the direction of, or with the knowledge of OpenAI. To the extent this paragraph sets forth a legal conclusion regarding xAI's theories of vicarious liability, no response is required.

## **SECOND CAUSE OF ACTION**

### **(Intentional Interference with Prospective Economic Advantage)**

140. OpenAI repeats and incorporates by reference their responses to the foregoing allegations.

141. This paragraph sets forth a legal conclusion to which no response is required.

142.   OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

143.   OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

144.   OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

145.   Denied.

146.   To the extent that this paragraph purports to quote and characterize a video, OpenAI respectfully refers the Court to that video as the best evidence of its complete and accurate contents.  OpenAI otherwise denies the remaining allegations in this paragraph.

147.   Denied.  To the extent this paragraph sets forth a legal conclusion regarding independent wrongfulness, no response is required.

148.   Denied.

149.   OpenAI lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis denies them.

## THIRD CAUSE OF ACTION

### (Unfair Competition:  Cal. Bus. & Prof. Code § 17200 *et seq.*)

150.   OpenAI repeats and incorporates by reference their responses to the foregoing allegations.

151.   This paragraph sets forth a legal conclusion to which no response is required.

152.   Denied.  To the extent this paragraph sets forth a legal conclusion, no response is required.

153.   Denied.  To the extent this paragraph sets forth a legal conclusion, no response is required.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, OpenAI denies that Plaintiff xAI is entitled to any of the requested relief and denies any allegations in the Prayer for Relief.

## DEFENSES

OpenAI, without admitting any allegations in the Complaint and/or any other wrongful conduct, and without assuming the burden of proof (either of production or persuasion) on any issue, asserts the following affirmative defenses to the Complaint and to the claims stated therein.

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI fails to state facts sufficient to constitute valid claims on which relief may be granted.

### SECOND DEFENSE

### (NO TRADE SECRET MISAPPROPRIATION)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that there has been no trade secret misappropriation, including without limitation because the alleged trade secrets are not protectable, 18 U.S.C. § 1839, and OpenAI did not have access to or knowledge of the alleged trade secrets and confidential information.

### THIRD DEFENSE

### (CUTSA SUPERSESSION/PREEMPTION)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that some or all of the claims xAI has asserted are barred, in whole or in part, because they are superseded by California's Uniform Trade Secrets Act (CUTSA).

### FOURTH DEFENSE

### (ESTOPPEL)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, by the doctrine of estoppel by reason of xAI's conduct, actions, omission, and communications.

**FIFTH DEFENSE**

**(WAIVER)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, by the doctrine of waiver, abandonment, and/or forfeiture.

**SIXTH DEFENSE**

**(UNCLEAN HANDS)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, by xAI's unclean hands.

**SEVENTH DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, by its failure to take reasonable steps to mitigate its damages.

**EIGHTH DEFENSE**

**(ACTS OF PLAINTIFF)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, because xAI's complained-of injuries and damages were caused by its own acts or omissions.

**NINTH DEFENSE**

**(SPECULATIVE DAMAGES)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI's claims are barred, in whole or in part, because xAI's requested monetary relief is too speculative and/or remote and/or impossible to prove or allocate.

**TENTH DEFENSE**

**(DAMAGES UNAVAILABLE)**

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that some or all of xAI's request for restitution, disgorgement, exemplary damages, punitive damages,

attorneys' fees, and injunctive relief must be stricken as such relief is not available for the claims asserted and, furthermore, the Complaint fails to state facts sufficient to form the basis for such relief in connection with the asserted claims.

## ELEVENTH DEFENSE

### (RELIEF UNAVAILABLE)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that some or all of the claims xAI has asserted are barred, in whole or in part, due to the unavailability of the relief requested.

## TWELFTH DEFENSE

### (ADEQUATE REMEDIES AT LAW)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that xAI is not entitled to equitable relief because xAI has adequate remedies at law, and no threat of harm exists to support a grant of equitable relief.

## THIRTEENTH DEFENSE

### (DUPLICATIVE RECOVERY)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges, without admitting that the Complaint states any claim for relief, that any remedies are limited to the extent that xAI seeks an overlapping or duplicative recovery for the same alleged injuries.

## FOURTEENTH DEFENSE

### (BAD FAITH TRADE SECRETS CLAIM)

As a separate defense to the Complaint and to the claims therein, OpenAI alleges that some or all of the claims xAI has asserted are frivolous, unreasonable, without justification, and brought in bad faith.  Accordingly, OpenAI is entitled to all costs, expenses, and attorneys' fees incurred in defending these claims pursuant to 18 U.S.C. § 1836(b)(3)(D).

## RESERVATION OF DEFENSES

OpenAI will answer any additional claims that survive a motion to dismiss at a time ordered by the Court, and expressly reserves the right to amend and add to these defenses, including as to any additional claims, at that time. OpenAI is still investigating the allegations of

the Complaint. Additional facts may be revealed by further investigation and/or discovery that support additional defenses presently available to, but unknown, to OpenAI. OpenAI reserves the right to amend or assert additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation as may be appropriate.

## **PRAYER FOR RELIEF**

Consistent with the foregoing, OpenAI prays for relief as follows:

(1) That xAI's claims be dismissed with prejudiced;

(2) That xAI take nothing by way of the Complaint;

(3) That judgment be entered in favor of OpenAI;

(4) That OpenAI be awarded its costs and attorneys' fees in connection with this litigation to the fullest extent permitted by law, including 18 U.S.C. § 1836(b)(3)(D); and

(5) That the Court provide such further relief as it may deem just and proper.


DATED:  October 2, 2025                MUNGER, TOLLES & OLSON LLP




By:    _/s/ Carolyn Hoecker Luedtke_
        CAROLYN HOECKER LUEDTKE
        JONATHAN I. KRAVIS
        DANE P. SHIKMAN
        GABRIEL M. BRONSHTEYN

        Attorneys for Defendants OpenAI, Inc., OpenAI
        Global, LLC, and OpenAI OpCo, LLC