CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
carolyn.luedtke@mto.com
DANE P. SHIKMAN (303656)
dane.shikman@mto.com
GABRIEL BRONSHTEYN (State Bar No. 338011)
gabriel.Bronshteyn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JONATHAN KRAVIS (*pro hac vice*)
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:     (202) 220-1100
Facsimile:     (202) 220-2300

Attorneys for Defendants OpenAI, Inc., OpenAI
Global, LLC, and OpenAI OpCo, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>              Plaintiffs,<br><br>       vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC<br><br>              Defendants. | Case No. 3:25-cv-08133-RFL<br><br>**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**<br><br>Date:      February 3, 2026<br>Time:      10:00 a.m.<br>Judge:    Hon. Rita Lin |

## NOTICE OF MOTION AND MOTION TO STAY DISCOVERY

PLEASE TAKE NOTICE that on February 3, 2026, at 10 a.m., or as soon thereafter as the matter may be heard, Defendants OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC (collectively "OpenAI" or "Defendants"), respectfully move the Court pursuant to Fed. R. Civ. P. 26 for a protective order to stay all discovery in this case pending resolution of the Defendants' anticipated motion to dismiss Plaintiffs' First Amended Complaint, due December 30, 2025, that is set to be argued February 3, 2026.

In support of this Motion, Defendants file contemporaneously herewith a Memorandum of Points and Authorities In Support of Motion to Stay Discovery.  This Motion is further supported by all pleadings and papers on file in this matter, and upon any other evidence and argument that may be presented to the Court on this Motion.

DATED:  December 23, 2025                    MUNGER, TOLLES & OLSON LLP


                                             By:    _/s/ Carolyn Hoecker Luedtke_
                                                    CAROLYN HOECKER LUEDTKE
                                                    Attorneys for Defendants,
                                                    OpenAI, Inc., OpenAI Global, LLC, and
                                                    OpenAI OpCo, LLC

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2          This litigation has been brought by xAI against its competitor in the AI space, OpenAI.

3   xAI alleges that OpenAI misappropriated trade secrets and engaged in unfair competition related

4   to hiring employees who worked at xAI and chose to move to OpenAI.  The allegations against

5   OpenAI are without support and appear to be part of an effort to squelch the free movement of

6   talent who seek to leave xAI.  OpenAI moved to dismiss the original Complaint, and rather than

7   defend that Complaint, xAI amended its claims with the First Amended Complaint.  The

8   amendments did not cure the facial deficiencies and so OpenAI intends to move to dismiss the

9   First Amended Complaint with a motion due December 30, 2025 and set for hearing on February

10  3, 2026.  The anticipated motion to dismiss, if granted, would be dispositive of all claims or at a

11  minimum would narrow the contours of the case.  The parties held their Rule 26(f) conference on

12  December 22, during which OpenAI proposed to stay discovery until the pleadings were finalized.

13  xAI did not agree and stated it was xAI's view that discovery opened after the conference

14  concluded.  OpenAI thus stated their intention to seek guidance from the Court through this

15  motion, which OpenAI promptly filed after that conference and set for the same hearing date as

16  the motion to dismiss.  OpenAI will also be prepared to discuss this motion at the upcoming

17  January 14, 2026 initial case management conference.

18          Specifically, Defendants respectfully request that this Court stay all discovery pending

19  resolution of Defendants' motion to dismiss the First Amended Complaint.  A stay will further the

20  interests of judicial economy and efficiency and will protect against premature discovery into the

21  confidential information of a competitor where it is not clear whether any claims will proceed, or

22  if they do, whether they will be narrowed.  Defendants' motion to dismiss, if granted, would

23  dispose of all of Plaintiffs' claims.  Given the strength of Defendants' motion to dismiss and its

24  potential to be dispositive of the entire case, and given the Court is set to hear argument on that

25  motion on February 3, it makes sense not to pursue expensive and far-reaching invasive discovery

26  between competitors until that motion is resolved and the scope of the claims at issue, if any,

27  clarified.  Plaintiff xAI suffers no prejudice in waiting.  xAI filed the case on September 24, 2025,

28

1  has not pushed for a fast-paced schedule, and is not seeking any expedited relief or a temporary or

2  preliminary injunction.

3      Defendants respectfully request that discovery be stayed pending resolution of the motion

4  to dismiss.

5  **I.**    **<u>FACTS</u>**

6      ***This Litigation.***  The background of this litigation, the allegations raised by xAI, and

7  OpenAI's response are set forth in detail in OpenAI's Answer to the original complaint and its

8  first motion to dismiss. Dkt. Nos. 30, 31. In short, OpenAI fairly and lawfully hires the best

9  researchers, engineers, and experts in the artificial intelligence ("AI") field. OpenAI is attractive

10  to top talent who come for the opportunity to join the team that built and continues to advance

11  groundbreaking artificial intelligence technology used by hundreds of millions of people around

12  the world. In contrast, xAI has been hemorrhaging talent to competitors, including to OpenAI.

13  These employees seek to leave a culture that is reportedly increasingly difficult and oppressive

14  towards employees. As these employees have been leaving, xAI has escalated a pressure

15  campaign on departing employees and has resorted to a variety of threats and bullying, including

16  in its most recent First Amended Complaint here.

17      In the present litigation, there are no non-conclusory allegations that OpenAI did anything

18  to encourage xAI employees to take, disclose, or use xAI's confidential or trade secret allegations.

19  There are no plausible allegations that any alleged xAI trade secrets have been acquired by or used

20  at OpenAI. It is unclear what trade secrets are even at issue. The First Amended Complaint is

21  high on invective and unsupported inferences, and is replete with "on information and belief"

22  allegations, but short on allegations that would support claims against OpenAI, which is the only

23  Defendant in this litigation.

24      ***Pleadings and Motion to Dismiss.***  xAI filed its Complaint on September 24, 2025. Dkt.

25  No. 1. OpenAI filed its first motion to dismiss on October 2, 2025. Dkt. No. 30. In response to

26  Defendants' first motion to dismiss, xAI amended its complaint on October 27, 2025. Dkt. No.

27  44. It did not even try to defend its original claims. The First Amended Complaint is the

28  operative complaint. OpenAI again plans to move to dismiss, this time on December 30, 2025.

1   The argument is set for February 3, 2026, a date set to accommodate xAI's schedule.  Luedtke

2   Decl. ¶ 2.

3       ***Discovery***.  The parties conducted their Rule 26(f) conference on December 22, 2025.

4   Luedtke Decl. ¶ 3.  OpenAI proposed that discovery be stayed pending resolution of the motion to

5   dismiss and pleadings being finalized.  *Id.*  xAI disagreed and said discovery should be open as of

6   December 22, 2025.  *Id.*  OpenAI said it would file this motion to stay promptly, which it has

7   done.  *Id.*  xAI agreed that the motion could be set for the existing February 3 hearing date.  *Id.*

8       This Court is presiding over a separate litigation by xAI against Xuechen Li, who had an

9   offer to join OpenAI but never joined the company.  *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-

10  RFL (N.D. Cal. Aug. 28, 2025).  There has been third party discovery in that litigation, and

11  OpenAI has produced documents in response to the third party document subpoena served on it

12  there.  Luedtke Decl. ¶ 4.

13  **II.    <u>ARGUMENT</u>**

14      Defendants respectfully request that the Court stay discovery until after the Court rules on

15  the motion to dismiss.  The parties could then revisit whether an extension of the stay is

16  appropriate in light of any anticipated amended pleading.

17      Under the Federal Rules of Civil Procedure, district courts have broad discretion in

18  deciding the extent, sequence, and timing of discovery.  Fed. R. Civ. P. 26(b)(2)(C), (d)(2); *Little*

19  *v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (a "district court has wide discretion in

20  controlling discovery").  "It is sounder practice to determine whether there is any reasonable

21  likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of

22  discovery."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  This is

23  particularly important in a case such as this <u>between two competitors</u>, where one seeks discovery

24  about the other's business practices and relationships and the talent they are trying to hire.

25      This Court has the power to stay discovery pending the resolution of the motion to dismiss

26  where the movant, here OpenAI, show "good cause."  *See* Fed. R. Civ. P. 26(c); *see also Nelson v.*

27  *F. Hoffman-LaRoche, Inc.*, No. 21-cv-10074-TLT, 2022 WL 19765995, at *1–2 (N.D. Cal. Nov.

28  2, 2022) (granting motion to stay pending resolution of motion to dismiss).  Many courts in this

District use a two-factor test in deciding whether to stay discovery pending a dispositive motion. *Nelson*, 2022 WL 19765995, at *1; *see also Onuoha v. Facebook, Inc.*, No. 5:16-cv-06440-EJD, 2017 WL 11681325, at *2 (N.D. Cal. Apr. 7, 2017) (granting stay pending resolution of motion to dismiss); *Hall v. Tilton*, No. C 07–3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9. 2010) (same).  First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  *See Nelson*, 2022 WL 19765995, at *1. That prong is satisfied here because the anticipated motion to dismiss would be dispositive of all the claims.  In the First Amended Complaint, as with the original complaint, xAI brought claims for trade secret misappropriation and unfair competition.  As in its original motion to dismiss the complaint, OpenAI intends to move to dismiss both causes of action in their entirety.  With respect to the first cause of action, OpenAI will move to dismiss on the ground that xAI has not alleged any acquisition or use of xAI trade secrets by OpenAI, as required by the Defend Trade Secrets Act.  *See* 18 U.S.C. § 1839(5)(A)-(B).  Nor has xAI pled any cognizable basis for asserting a theory of vicarious liability against OpenAI based on the actions of former xAI employees before they joined OpenAI, because xAI has not pled that they actually "used the trade secret files in the course of [their] employment" at OpenAI.  *Flexport, Inc. v. Freightmate AI, Inc.*, No. 25-CV-02500-RFL, 2025 WL 2399666, at *4 (N.D. Cal. July 10, 2025).  Accordingly, xAI's misappropriation claim must be dismissed in its entirety.  xAI's second cause of action under the Unfair Competition Law must also be dismissed in its entirety, as superseded by the California Uniform Trade Secrets Act, because that claim is "based on the same nucleus of facts as [the] trade secret misappropriation" claim.  *See Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017).

Second, the court must determine whether the anticipated motion to dismiss can be decided without discovery.  *Nelson*, 2022 WL 19765995, at *1.  Here, the answer is yes—the anticipated motion to dismiss does not require discovery for resolution because it "is based solely on the allegations in the complaint and does not raise any factual issues."  *Id.* at *2 (citation omitted).

Further, there is no prejudice to granting this motion to dismiss.  xAI is not seeking an expedited schedule nor any temporary or preliminary injunctive relief.  The motion to dismiss is

set for hearing on February 3, 2026 and if any claims survive, discovery can begin promptly after that date with no prejudice to the overall case schedule.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court stay discovery until resolution of the motion to dismiss.


DATED:  December 23, 2025                    MUNGER, TOLLES & OLSON LLP



By:    _____*/s/ Carolyn Hoecker Luedtke*_____
          CAROLYN HOECKER LUEDTKE
          Attorneys for Defendants,

          OpenAI, Inc., OpenAI Global, LLC, and
          OpenAI OpCo, LLC

DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME