# EXHIBIT A

1  CHRISTIAN E. PICONE, CA STATE BAR NO. 218275
   ANGELA SHAW, CA STATE BAR NO. 321726
2  BERLINER COHEN, LLP
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  christian.picone@berliner.com
   angela.shaw@berliner.com
6
   ATTORNEYS SPECIALLY APPEARING FOR
7  DEFENDANT XUECHEN LI

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11 | X.AI Corp., a Nevada corporation, and X.AI | CASE NO. 3:25-cv-07292-RFL
   | LLC, a Nevada limited liabilty company,
12 |                                            | DEFENDANT'S RESPONSE TO
   |              Plaintiffs,                   | PLAINTIFFS' EXPEDITED FIRST SET OF
13 |                                            | INTERROGATORIES
   |       v.
14 |
   | XUECHEN LI,                                | Case Filed:  August 28, 2025
15 |
   |              Defendant.
16

17     Defendant Xuechen Li ("Responding Party") hereby, through his undersigned counsel,

18 responds to Plaintiffs X.AI Corp. and X.AI LLC's (collectively, "Propounding Party") Expedited

19 First Set of Interrogatories to Defendant Xuechen Li as follows:

20 INTERROGATORY NO. 1:

21     IDENTIFY all ELECTRONIC STORAGE DEVICES and all CLOUD STORAGE

22 ACCOUNTS used by You at any time to acquire, copy, transfer, store, download, and/or upload

23 any DOCUMENTS or information belonging to xAI or relating to xAI's business, including any

24 xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS, whether or not the

25 ELECTRONIC STORAGE DEVICES or CLOUD STORAGE ACCOUNTS belong to or are

26 controlled by You, xAI, or a third party.

27

28

RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 2:

IDENTIFY all DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that have been in Your possession, custody, or control at any time on or after July 25, 2025, including, but not limited to, any such DOCUMENTS currently in Your possession, custody, or control.

RESPONSE TO INTERROGATORY NO. 2:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this civil action ("Action") or for the criminal investigation arising out of the alleged events described in the complaint filed in this Action ("Criminal Investigation") as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 3:

IDENTIFY all PERSONS to whom You sent, disclosed, and/or otherwise shared in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control during or after Your employment with xAI and describe the nature and content of the DOCUMENTS shared, the date(s) of such sharing, and the manner in which such DOCUMENTS were shared.

RESPONSE TO INTERROGATORY NO. 3:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 4:

For each PERSON you identified in response to the preceding Interrogatory No. 3, IDENTIFY any COMMUNICATIONS you had with each such PERSON and state whether you know or suspect that the PERSON made or maintains any copies of all or any portion of the information sent, disclosed, and/or otherwise shared, and if so, in what format and state the basis for that knowledge or suspicion.

RESPONSE TO INTERROGATORY NO. 4:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 5:

IDENTIFY the COMMUNICATIONS whereby You sent, disclosed, and/or otherwise shared in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control during or after Your employment with xAI.

RESPONSE TO INTERROGATORY NO. 5:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 6:

IDENTIFY all PERSONS with whom You discussed in whole or in part any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) that were in Your possession, custody, or control on or after July 25, 2025.

RESPONSE TO INTERROGATORY NO. 6:

Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the request to the extent that it requires a legal conclusion. Moreover, Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this request to exclude Responding Party's communications with counsel retained for the dispute in this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same, and limits his response accordingly.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 7:

IDENTIFY all PERSONS with whom You discussed the possibility of future employment on or after February 26, 2024, including identifying whether you accepted employment with such PERSON.

RESPONSE TO INTERROGATORY NO. 7:

Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution. Moreover,

1  Responding Party interprets this request to exclude Responding Party's communications with
2  counsel retained for the dispute in this Action or for the Criminal Investigation as well as these
3  attorneys' notes relating to the same, and limits his response accordingly.

4  Subject to and without waiver of the foregoing objections, Responding Party responds by
5  asserting his Fifth Amendment privilege against self-incrimination.

6  INTERROGATORY NO. 8:

7  IDENTIFY any contact by You with any PERSONS who actually hold an official position
8  with, purport to hold an official position with, and/or purport to be acting on behalf or in the interest
9  of any government other than that of the United States of America relating to xAI's business
10 (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) on or after
11 February 26, 2024.

12 RESPONSE TO INTERROGATORY NO. 8:

13 Responding Party objects to the request on the grounds that it is vague and ambiguous.
14 Responding Party further objects to the request to the extent that it requires a legal conclusion.
15 Moreover, Responding Party objects to the request on the grounds that the request is overbroad,
16 unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and
17 not proportional to the needs of this action. Responding Party also objects to the extent that
18 requiring Responding Party to respond substantively to this request would violate his right against
19 self-incrimination protected by the Fifth Amendment of the United States Constitution.

20 Subject to and without waiver of the foregoing objections, Responding Party responds by
21 asserting his Fifth Amendment privilege against self-incrimination.

22 INTERROGATORY NO. 9:

23 IDENTIFY all ELECTRONIC STORAGE DEVICES that You have accessed, used, or
24 possessed at any time since February 26, 2024, regardless of ownership.

25 RESPONSE TO INTERROGATORY NO. 9:

26 Responding Party objects to the request on the grounds that the request is overbroad,
27 unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and
28 not proportional to the needs of this action. Responding Party also objects to the extent that

-7-

requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 10:

IDENTIFY all CLOUD STORAGE ACCOUNTS that You have accessed or used at any time since February 26, 2024, regardless of ownership.

RESPONSE TO INTERROGATORY NO. 10:

Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action. Responding Party also objects to the extent that requiring Responding Party to respond substantively to this request would violate his right against self-incrimination protected by the Fifth Amendment of the United States Constitution.

Subject to and without waiver of the foregoing objections, Responding Party responds by asserting his Fifth Amendment privilege against self-incrimination.

INTERROGATORY NO. 11:

For each ELECTRONIC STORAGE DEVICE and CLOUD STORAGE ACCOUNT identified in response to Interrogatory Nos. 9 or 10, state whether any DOCUMENTS belonging to xAI or relating to xAI's business (including xAI CONFIDENTIAL INFORMATION and/or xAI TRADE SECRETS) were accessed, transferred, downloaded, uploaded, copied, or deleted on or after February 26, 2024, and describe in detail the nature and content of any such DOCUMENTS and the actions, as well as the date of the actions, taken with respect to them.

RESPONSE TO INTERROGATORY NO. 11:

Responding Party incorporates his objections to Interrogatory Nos. 9 and 10: Responding Party objects to the request on the grounds that the request is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this action.

1    In addition, Responding Party objects to the request on the grounds that it is vague and
2 ambiguous. Responding Party further objects to the request to the extent that it requires a legal
3 conclusion. Responding Party also objects to the extent that requiring Responding Party to respond
4 substantively to this request would violate his right against self-incrimination protected by the
5 Fifth Amendment of the United States Constitution. Moreover, Responding Party interprets this
6 request to exclude Responding Party's communications with counsel retained for the dispute in
7 this Action or for the Criminal Investigation as well as these attorneys' notes relating to the same,
8 and limits his response accordingly.
9    Subject to and without waiver of the foregoing objections, Responding Party responds by
10 asserting his Fifth Amendment privilege against self-incrimination.

12 DATED: SEPTEMBER 9, 2025              BERLINER COHEN, LLP

14                                       BY: _____
                                             CHRISTIAN E. PICONE
15                                           ATTORNEYS SPECIALLY APPEARING FOR
                                             DEFENDANT XUECHEN LI