1  CAROLYN HOECKER LUEDTKE (SBN. 207976)
   carolyn.luedtke@mto.com
2  DANE P. SHIKMAN (SBN. 313656)
   dane.shikman@mto.com
3  GABRIEL M. BRONSHTEYN (SBN. 338011)
   gabriel.bronshteyn@mto.com
4  JOSEPH N. GLYNN (SBN. 337652)
   joseph.glynn@mto.com
5  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, Twenty-Seventh Floor
6  San Francisco, California 94105-3089
   Telephone:     (415) 512-4000
7  Facsimile:     (415) 512-4077

8  JONATHAN KRAVIS (*pro hac vice*)
   jonathan.kravis@mto.com
9  MUNGER, TOLLES & OLSON LLP
   601 Massachusetts Avenue, NW, Suite 500E
10 Washington, D.C. 20001-5369
   Telephone:     (202) 220-1100
11 Facsimile:     (202) 220-2300

12 Attorneys for Defendants OpenAI, Inc., OpenAI
   Global, LLC, and OpenAI OpCo, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC,<br><br>           Plaintiffs,<br><br>    vs.<br><br>OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC,<br><br>           Defendants. | Case No. 3:25-cv-08133-RFL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Date:     February 3, 2026<br>Time:    10:00 a.m.<br>Judge:   Hon. Rita F. Lin |

## I. INTRODUCTION

This is a routine motion to temporarily stay discovery pending OpenAI's motion to dismiss, which is scheduled to be heard on February 3, 2026. Courts in this District stay discovery when a pending motion to dismiss is "*potentially* dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and when discovery is not required to dispose of the motion. *See, e.g.*, *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (emphasis added). That test is plainly satisfied here. OpenAI has filed a motion to dismiss all causes of action for failure to state a claim as a matter of law. No discovery is needed to resolve that motion, which if granted would be dispositive of this entire case. In the meantime, until the pleadings are resolved and the scope of this case is clear, this Court should stay burdensome discovery into sensitive business information in this trade secret case between competitors. The very case law on which xAI relies in opposing the motion is supportive of this type of stay. *See Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1118 (N.D. Cal. 2024) (granting motion to stay discovery pending motion to dismiss and emphasizing that discovery burdens would include "not only the usual time and expense of discovery but also the possible disclosure of sensitive business information to a competitor").

xAI cannot dispute that OpenAI's motion is "potentially dispositive of the entire case" and that it requires no discovery to resolve, so xAI distracts with extended and misleading discussion of their factual allegations, untrue accusations of delay, and unfounded claims of irreparable harm. Those arguments are all unavailing.

First, xAI misrepresents OpenAI's motion to dismiss and the governing law in claiming that OpenAI's motion would "dispose of only parts of the First Amended Complaint." Opp. at 5. Not so. OpenAI's motion is directed at the entire First Amended Complaint ("FAC") and if granted, would dismiss the case entirely.

Second, OpenAI did not delay—it filed this motion the day after the Rule 26(f) conference when xAI refused to agree to stay discovery, noticed it for a mutually agreeable date pursuant to the Court's local rules, and offered *in the motion* that it could be resolved earlier at the January 14, 2026 case management conference. *See* Mot. at 1. There was no delay.

Third, xAI's claims of prejudice and irreparable harm arising out of the brief stay are unconvincing given that xAI has not moved for preliminary relief and has never alleged that OpenAI actually acquired any xAI trade secret or that anybody at OpenAI has used xAI trade secrets.  Remarkably, despite extended discussion in xAI's opposition brief that it needs discovery from OpenAI because Xuechen Li is pleading the Fifth Amendment, xAI does not tell the Court that OpenAI *already produced* documents to xAI in response to a subpoena in the Li case and that xAI has raised no objection to the scope of that production.  Bronshteyn Decl. ¶ 3.

The motion to stay makes good sense as a case management tool and should be granted.

## II.   ARGUMENT

### A.   OpenAI's Motion to Stay Satisfies this District's "Good Cause" Test

OpenAI does not disagree with xAI that there is a "good cause" standard for granting a motion to stay in this District.  That "good cause" to stay discovery in light of a dispositive motion exists as long as (1) the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and (2) when discovery is not required to dispose of the motion.  *Hall*, 2010 WL 539679, at *2.  OpenAI made that showing of good cause in its motion, and xAI does not refute it.

Instead, xAI reiterates its factual allegations at length and argues against the ultimate success of OpenAI's motion to dismiss, but these merits arguments misapprehend the inquiry under the first prong.  As this District has explained, "Plaintiffs' [merits] arguments overlook the notion that the dismissal arguments need only be *potentially* (as opposed to definitively) dispositive of the entire case to satisfy [the first] prong." *McMillian v. Musk*, No. 23-CV-03461-TLT (RMI), 2024 WL 2091377, at *2 (N.D. Cal. Apr. 16, 2024) (granting stay of discovery to Defendants Elon Musk and xAI subsidiary X Corp. pending motion to dismiss); *see also Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (explaining that plaintiffs' "attempt to grapple with the merits of Facebook's motion to dismiss to demonstrate that Facebook's arguments are not case-dispositive" were beside the point, because "the question is only whether Facebook's motion to dismiss is '*potentially* dispositive of the entire [case].'" (citation omitted)).  OpenAI's motion is clearly "potentially

dispositive of the entire case." OpenAI seeks dismissal of both of xAI's causes of action in their entirety. That satisfies the first prong.

xAI's assertion that OpenAI's arguments for dismissing its UCL cause of action do not address all of xAI's allegations is irrelevant and incorrect. First, xAI's argument, putting aside for now its clear flaws, goes only to the merits of the motion to dismiss—that is, whether OpenAI's motion is likely to succeed with respect to the UCL claim—and not whether OpenAI's motion is "potentially dispositive" of the case—that is, directed toward dismissal of the entire complaint. Thus it does not bear on this motion to stay. *See McMillian*, 2024 WL 2091377, at *2; *Reveal Chat*, 2020 WL 2843369, at *3. Second, OpenAI's motion is potentially dispositive of the entire UCL claim because OpenAI argues that the whole claim is superseded by CUTSA. xAI's opposition misunderstands the supersession argument here and mischaracterizes its own allegations. CUTSA requires dismissal of any state-law claims, like xAI's UCL claim, that are "based on the same nucleus of facts as trade secret misappropriation." *Alert Enter. v. Rana*, No. 22-cv-06646-JSC, 2023 WL 2541353, at *6 (N.D. Cal. Mar. 16, 2023). xAI highlights that it alleged that OpenAI's "unfair" conduct "corrupted the competitive process" and affected "rival AI companies." Opp. at 3. That cannot save xAI's claim. The only "unfair" conduct alleged by xAI that allegedly caused those harms was the same conduct that formed the basis for its trade secret misappropriation claim. *See* Dkt. No. 59 at 15. For that reason, CUTSA supersedes xAI's UCL claim in its entirety and it should be dismissed.

As to the second prong of the test, xAI's reference to stray factual comments in OpenAI's motion to dismiss that do not appear in the FAC does not establish that "discovery will be required to resolve this case." Opp. at 6. The test is not whether discovery would be required to resolve the *case*; it is whether discovery is required to resolve the pending *motion to dismiss*. *Hall*, 2010 WL 539679, at *2. Obviously, were the motion to dismiss denied, OpenAI too would request discovery to show that xAI's allegations are baseless. But at this stage, OpenAI has moved to dismiss the FAC for failure to state a claim, as a matter of law and assuming the facts alleged in the FAC are true. No discovery is needed to address that purely legal motion. As xAI itself

concedes, any factual statements outside the FAC would not be considered on a motion to dismiss, and merely illustrate that xAI did not plead adequate non-conclusory facts to state a claim.

### B.     xAI's Other Arguments Are Unavailing

xAI's remaining arguments are meritless.

Bizarrely, xAI complains that OpenAI should have addressed the stay as part of the case management statement and that OpenAI noticed it for a hearing "for no apparent reason and over xAI's objection that it should be heard at the upcoming conference." Opp. at 2. These complaints are untrue. OpenAI raised the discovery stay in the December 22, 2025 Rule 26(f) conference, and when xAI refused to agree to it, OpenAI understood it needed to be raised in a noticed motion and suggested it be noticed for the existing February 3, 2026 hearing date since there was insufficient time to file a noticed motion for the January 14 case management conference (and it is unclear this Court would hear a noticed motion on Wednesdays). xAI did not object to this procedure. *See* Luedtke Decl. ¶ 3. OpenAI did not notice the motion "over xAI's objection" and Mr. McCullough's declaration says nothing to the contrary. *See* McCullough Decl. (Dkt. No. 60-1). Then, when OpenAI filed the motion on December 23, 2025, on the *first page* it made clear that OpenAI will "be prepared to discuss this motion at the upcoming January 14, 2026 initial case management conference." Mot. at 1. Consistent with that position, on January 6, 2026 at 2:25 p.m., OpenAI sent back to xAI its inserts for the joint case management conference statement, and again, OpenAI stated in those inserts that it "will be prepared to discuss this issue at the case management conference." Bronshteyn Decl. ¶ 2. Hours later, and despite these repeated statements in meet and confer and in the opening motion, xAI misrepresented in its opposition that OpenAI was engaging in delay tactics by refusing to have the issue addressed at the case management conference. Opp. at 2. To be clear, if the Court prefers to address the question of the discovery stay at the initial case management conference, OpenAI will be prepared to do so and is filing this reply brief early to facilitate that. OpenAI has no interest in causing delay, rather it seeks to have the case handled in an efficient manner that avoids burden where unnecessary.

xAI's arguments about prejudice and irreparable harm from a short stay of discovery are also without merit. The notion that a short stay of discovery would irreparably harm xAI, when

xAI has not even sought preliminary relief in this action, is itself implausible. Moreover, xAI has never concretely alleged that OpenAI acquired any xAI trade secrets, or that anyone at OpenAI possesses or has used any xAI trade secrets, so xAI cannot claim irreparable harm from temporarily staying discovery. xAI also leaves out of its discussion of its purportedly urgent need for discovery that OpenAI has *already produced* documents to xAI in response to xAI's subpoena in the related Li litigation. OpenAI agreed to produce and has produced all communications with Li, all documents provided by Li to OpenAI, all source code provided by Li to OpenAI (*i.e.*, his technical interview submission, which did not reflect xAI information), and any xAI information provided by Li to OpenAI (of which there was none).[1] *See* Luedtke Decl. ¶ 4; Bronshteyn Decl. ¶ 3. xAI has raised no concern about the scope of this production. *See* Bronshteyn Decl. ¶ 3. xAI omits this from its description of the Li litigation and its need for discovery if the motion to dismiss is denied. Opp. at 4, 6. xAI continues to misstate the facts when it complains about prejudice from Ethan Knight and Hieu Pham "refusing to tell" xAI what they retained when they left xAI, *id.* at 6, but this misstates the facts. xAI fails to inform the Court that without the need for discovery, Mr. Knight and Mr. Pham affirmatively and voluntarily returned the information that they retained to xAI's designated forensics vendor, with the exception of personal messages for which Mr. Knight's counsel proposed a separate review protocol to facilitate return, a proposal xAI has ignored. Bronshteyn Decl. ¶ 4. xAI again obfuscates the truth: with respect to Jimmy Fraiture, xAI did not inform the Court that in its litigation in the U.K. against Mr. Fraiture, they are already proceeding with inspections of Mr. Fraiture's personal accounts. Luedtke Decl. ¶ 5. And as for discovery from OpenAI regarding Mr. Fraiture, xAI does not allege that OpenAI received any of this information—instead, xAI alleges that it was all deleted while Mr. Fraiture was on garden leave and prior to joining OpenAI. FAC ¶¶ 98, 103, 106. That negates xAI's claimed urgency to propound further discovery before the pleadings are even resolved.

        Nor should this Court countenance xAI's entirely speculative insinuation that there exists any risk that OpenAI would destroy evidence, or that a stay of discovery is necessary to avoid

---

[1] OpenAI and xAI agreed that OpenAI would not produce immigration documents related to Li.

spoliation. OpenAI takes seriously its preservation obligations, and has complied and will comply with those obligations irrespective of when discovery formally begins in this action. OpenAI expects that xAI will do the same.

### III. CONCLUSION

OpenAI respectfully requests that the Court stay discovery until resolution of the motion to dismiss.

DATED: January 9, 2026                MUNGER, TOLLES & OLSON LLP

By:   */s/ Carolyn Hoecker Luedtke*
     CAROLYN HOECKER LUEDTKE
Attorneys for Defendants,

OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo, LLC