UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI CORP., et al., <br><br>        Plaintiffs, <br><br>    v. <br><br> OPENAI, INC., et al., <br><br>        Defendants. | Case No. 25-cv-08133-RFL <br><br> **ORDER DENYING MOTION TO STAY** <br><br> Re: Dkt. No. 74 |

     xAI's complaint was dismissed for failing to allege sufficient facts to support the claims asserted, and xAI was given three weeks to attempt to correct the identified problems. (*See* Dkt. No. 73.) It now asks to stay this case for six months so that it may obtain the evidence it needs to assert its claims. (*See* Dkt. No. 74 (the "Motion").) But a plaintiff must investigate the facts underlying their allegations *before* filing suit, not after. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987). Accordingly, and for the reasons set forth below, the Motion is **DENIED**.

     "The decision to stay proceedings calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and quotation marks omitted). Courts consider

> three non-exclusive factors . . . when deciding whether to issue a docket management stay: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.

*See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (citation and quotation marks omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v.*

1

*Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

The first two factors require courts to "weigh the relative hardships that a stay might cause." *See In re PG&E*, 100 F.4th at 1087 (citations omitted). xAI has not shown that the relative hardships warrant a stay. xAI contends that if it doesn't get a stay, it won't be able to gather the evidence necessary to make its claims. That harm cannot justify a stay because xAI's "current situation is largely of its own making." *See St. Paul Fire & Marine Ins. Co. v. Bodell Constr. Co.*, No. 20-cv-00288-DKW, 2023 WL 1993962, at *2 (D. Haw. Feb. 14, 2023). xAI intends to seek discovery in two related civil cases that it commenced before it brought this action against OpenAI. It also argues that a pending criminal investigation may yield information relevant to its claims. But xAI was "required to have completed [its] investigation [of its claims] *before* filing suit, *not after*," and if it "lacked the requisite information to allege [its] claims in the manner required . . . when [it] filed suit, [it] should not have sued [OpenAI] in the first instance." *See In re Cisco Sys. Inc. Sec. Litig.*, No. 11-cv-01568-SBA, 2013 WL 1636384, at *1 (N.D. Cal. Apr. 16, 2013). It is axiomatic that "[p]laintiffs are not entitled to discovery in order to allege sufficient facts to nudge [their] claim[s] across the line from conceivable to plausible." *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) (citation omitted). At the same time, there is no real hardship to OpenAI either, because "hardship related to defending a lawsuit is irrelevant when considering whether to grant a stay." *Meta Platforms, Inc. v. IngenioSpec, LLC*, No. 24-cv-07915-YGR, 2025 WL 1378627, at *2 (N.D. Cal. Mar. 4, 2025) (citations omitted). It is xAI's burden, however, not OpenAI's, to show that the relative hardships warrant a stay. xAI has not carried that burden.

The third factor concerns "judicial efficiency," which "standing alone is not necessarily a sufficient ground to stay proceedings." *See In re PG&E*, 100 F.4th at 1085 (citation omitted). There is nothing efficient about plaintiffs filing lawsuits without conducting the required investigations and then later staying those cases to permit belated investigations. Indeed, the purpose of mandatory pre-suit investigation is to prevent "unnecessary expense in litigation" of claims that lacked a sufficient factual basis when originally brought. *See Christian v. Mattel,*

*Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted).

In sum, xAI has not met its burden of showing that the factors weigh in favor of entering a stay. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 9, 2026

_____
RITA F. LIN
United States District Judge