CAROLYN HOECKER LUEDTKE (SBN 207976)
carolyn.luedtke@mto.com
DANE P. SHIKMAN (SBN 313656)
dane.shikman@mto.com
GABRIEL M. BRONSHTEYN (SBN 338011)
gabriel.bronshteyn@mto.com
JOSEPH N. GLYNN (SBN 337652)
joseph.glynn@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-3089
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

JONATHAN I. KRAVIS (*pro hac vice*)
jonathan.kravis@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:    (202) 220-1100
Facsimile:    (202) 220-2300

Attorneys for Defendants OpenAI, Inc., OpenAI
Global, LLC, and OpenAI OpCo, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| X.AI CORP. and X.AI LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC, <br><br> Defendants. | Case No. 3:25-cv-08133-RFL <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE ALLEGATIONS FROM SECOND AMENDED COMPLAINT** <br><br> Date:    May 12, 2026 <br> Time:    10:00 a.m. <br><br> Judge:    Honorable Rita F. Lin |

Case No. 3:25-cv-08133-RFL

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE XAI'S SECOND AMENDED COMPLAINT

## REQUEST FOR JUDICIAL NOTICE

Defendants OpenAI, Inc., OpenAI Global, LLC, and OpenAI OpCo LLC ("OpenAI") respectfully submit this Request for Judicial Notice in Support of Motion to Dismiss, or in the Alternative to Strike, Allegations from Second Amended Complaint of Plaintiffs X.AI Corp. and X.AI LLC ("xAI").  The materials for which OpenAI requests judicial notice are statements by xAI in documents that xAI filed in this case and in a related case, *X.AI Corp. et al. v. Li*, No. 3:25-cv-07292-RFL ("*Li*").

When evaluating a Rule 12(b)(6) motion, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of any fact that "is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

In ruling on motions to dismiss under Rule 12(b)(6), courts routinely take judicial notice of publicly filed court documents.  *See Almaznai v. S-L Distrib. Co., LLC*, 2021 WL 4457025, at *2 (N.D. Cal. June 21, 2021) (taking judicial notice of "various court filings" in related litigation); *Mangaoang v. Special Default Servs., Inc.*, 427 F. Supp. 3d 1195, 1205 (N.D. Cal. 2019) (taking judicial notice of "court records" from related litigation).

The portions of the court filings for which OpenAI seeks judicial notice are not reasonably subject to dispute.  They are statements of xAI.  Accordingly, the Court may rely on those statements in adjudicating this motion.  *See Aityahia v. Envoy Air Inc.*, 2025 WL 1556969, at *3 (D. Ariz. June 2, 2025) (taking judicial notice of party's statements in corporate disclosure filing in instant case).

OpenAI requests that the Court take judicial notice of the following statements made by xAI in filings in this case and *Li*:

- **Exhibit A**.  Motion to Compel Third-Party Production Pursuant to Subpoena, *Li* Dkt. No. 109.

- Page 1, lines 14-21:  "A recent development in xAI's ongoing investigation highlights why the discovery requested from OpenAI is both relevant and critically important.  xAI's forensic analysis revealed that Li created a slide deck . . . .  Only two weeks ago, Li's counsel permitted an xAI engineer to to review the presentation pursuant to the stipulated Preliminary Injunction (Dkt. 90).  That engineer confirmed that the presentation contains numerous examples of xAI's trade secrets and confidential information."

- Page 2, lines 16-17:  "OpenAI … lacks any basis to determine what constitutes 'xAI information.'"

- Page 6, lines 18-20:  "xAI sought to have one of its engineers review the interview slides to explain precisely what sort of information contained within those slides constituted xAI's information since, to xAI's in-house and outside counsel, it was not entirely apparent from the face of the document."

- Page 16, lines 10-12:  "Li may have repackaged information in such a way to attempt to mask that the information he shared included or derived from xAI trade secrets.  The interview slides demonstrate exactly that."

- Page 16, lines 17-24:  "Li may have also orally communicated proprietary details about xAI model training that he may have passed off as his own personal knowledge or invention (e.g., as relating to his academic research work from before he started working at xAI). OpenAI might claim not to know that such information is really xAI information, but documents reflecting Li's communication of such information would still tend to prove that *Li* misappropriated xAI trade secrets by disclosing or using them in his conversations with OpenAI. This concern is not merely theoretical, but reflected in Li's attempt to disguise his use of xAI confidential information in the interview slides described above."

- **Exhibit B**.  Motion to Stay Case, Dkt. No. 74.

  - Page 7, lines 17-23:  "xAI potentially faces considerable inequity if a stay is denied. This Court dismissed xAI's complaint for insufficiently pleading a link between the trade-secrets misappropriation and 'the conduct of OpenAI itself.' Order Granting Mot. to Dismiss 1 (Feb. 24, 2026), ECF No. 73. But as discussed above, the other ongoing proceedings may well 'illuminate' the link to OpenAI that this Court previously found lacking. *Noble*, 2022 WL 4229311, at *9. Basic fairness counsels that xAI should have the opportunity to incorporate such information into its amended complaint."

  - Page 7, line 27, to page 8, line 2:  "Given the ongoing discovery disputes in those other matters, a stay is even more necessary in this case to permit sufficient time for relevant discovery to unfold."

  - Page 8, lines 12-16:  "Denying a stay would trap xAI in a catch-22: the Court has held that xAI cannot proceed in its suit against OpenAI unless it provides more detailed allegations establishing a link to OpenAI, but OpenAI wants to force xAI to amend its complaint before further inculpatory information about OpenAI comes to light in the ongoing parallel proceedings. That result would be inequitable. "

-2-    Case No. 3:25-cv-08133-RFL

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE XAI'S SECOND AMENDED COMPLAINT

DATED:  March 31, 2026                MUNGER, TOLLES & OLSON LLP


By:    _____*s/ Carolyn Hoecker Luedtke*_____
              CAROLYN HOECKER LUEDTKE
              JONATHAN I. KRAVIS
              DANE P. SHIKMAN
              GABRIEL M. BRONSHTEYN
              JOSEPH N. GLYNN

       Attorneys for Defendants OpenAI, Inc., OpenAI
       Global, LLC, and OpenAI OpCo, LLC

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STRIKE XAI'S SECOND AMENDED COMPLAINT