# EXHIBIT B

KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmccullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X.AI CORP. and X.AI LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> OPENAI, INC., OPENAI GLOBAL, LLC, and OPENAI OPCO, LLC, <br><br> Defendants. | **Case No. 3:25-cv-08133-RFL** <br><br> **XAI'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO STAY CASE** <br><br> Judge: Hon. Rita F. Lin <br> Date: April 7, 2026[1] <br> Time: 10:00AM |

---

[1] Pursuant to the Local Rules and this Court's calendar, xAI has noticed this hearing for the next available date. As requested in xAI's concurrently filed Motion for Expedited Consideration of its Motion to Stay Case, xAI requests expedited briefing so that the Court may hear argument on March 10, 2026 at 1:30 p.m. by Zoom.

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that, on April 7, 2026, Plaintiffs x.AI Corp. and x.AI LLC, will, and hereby do, move the Court for a six-month stay of all deadlines and proceedings in this case to permit sufficient time for substantial progress in fact discovery in the ongoing related civil matters as well as substantial progress in the pending federal criminal investigation. The motion will be made based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the accompanying Declaration of LeElle B. Slifer, all other papers and pleadings on file in this action, and any other written or oral argument or evidence that xAI might present to the Court.

**REQUESTED RELIEF**

xAI requests that the Court exercise its discretion to stay all deadlines and proceedings in this case for six months.

Dated: February 27, 2026

**WINSTON & STRAWN LLP**

By: */s/ LeElle B. Slifer*
KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmcullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

xAI respectfully requests that the Court stay this case.  This case is closely related to xAI's pending suits against two former engineers, Xuechen Li and Jimmy Fraiture, for theft of xAI's source code and other confidential materials, as well as an ongoing federal criminal investigation into the same.  Those parallel proceedings implicate many of the same facts, the same witnesses, and the same issues as xAI's suit against OpenAI.  Indeed, xAI is actively pursuing discovery from OpenAI in the *Li* case, which this Court has acknowledged could have direct bearing on xAI's allegations against OpenAI in this case.  *See* Ex. A, Mot. to Dismiss Hr'g Tr. 14:9–11 (Feb. 3, 2026).  Given the significant overlap between these parallel proceedings, judicial economy would best be served by entering a six-month stay of all deadlines and proceedings in this case to permit sufficient time for substantial progress in fact discovery in the ongoing related civil matters as well as further progress in the pending federal criminal investigation.

### STATEMENT OF ISSUE TO BE DECIDED

Whether to stay all deadlines and proceedings in this case for six months.

### STATEMENT OF FACTS

In the span of a month last summer, OpenAI hired eight xAI employees who stole a trove of trade secrets on their way out the door.  Two of them stole xAI's confidential source code.  Others retained confidential xAI communications after departure.  Another attempted to access xAI's confidential information about its data-center hiring plans after joining OpenAI.  And xAI's former senior finance executive—who had access to sensitive trade secrets related to xAI's data-center construction operation—refused to certify that he would comply with his confidentiality obligations as he joined OpenAI in a finance role focused specifically on OpenAI's competing efforts to build data centers.

As xAI uncovered these thefts, it acted quickly to protect its valuable trade secrets:  xAI sued the two former engineers, Xuechen Li and Jimmy Fraiture, who absconded with the source code; xAI cooperated with federal law enforcement who opened a criminal investigation into their misappropriation; and xAI promptly initiated an internal investigation to determine what was taken.

xAI's further investigation revealed concerning details about the departures of numerous other employees, including a troubling pattern centered around xAI's competitor, OpenAI. In light of those revelations, xAI filed this suit against OpenAI for its role in the misappropriation of xAI's trade secrets.

Today, there are multiple ongoing related proceedings including xAI's civil suit against Li in the Northern District of California (*xAI v. Li*, Case No. 25-cv-07292); xAI's civil suit against Fraiture in the United Kingdom; a pending federal criminal investigation in the Northern District of California into the thefts of xAI's source code; and this civil suit against OpenAI. The *Li* and *Fraiture* lawsuits are in fact discovery, and the federal criminal investigation remains ongoing.

These related proceedings are tightly intertwined. All involve the same critical facts—that former xAI employees, like Li and Fraiture, misappropriated trade secrets as they left xAI to work at OpenAI. Given these allegations, common discovery questions likewise cut across the proceedings. Indeed, the central issue that the Court focused on in dismissing xAI's complaint in this matter—whether xAI had sufficiently alleged OpenAI's involvement in the trade-secrets misappropriation—is likewise central to the other matters. Thus, as the Court recognized at the motion-to-dismiss hearing, discovery in the related proceedings may well reveal "that these folks were coordinating with OpenAI at the time that they were being recruited and also taking information from xAI." *See* Ex. A, Mot. to Dismiss Hr'g Tr. 14:9–11 (Feb. 3, 2026).

For that reason, xAI is seeking third-party discovery from OpenAI in the related matters. But OpenAI has resisted at every turn, including by pointing to xAI's supposed ability to seek discovery in this matter. xAI served OpenAI with a third-party subpoena, but OpenAI has refused to produce all documents in response to xAI's request, leaving xAI with no choice but to file a motion to compel in the near future.[2] One of OpenAI's objections was that:

---

[2] As part of the litigation against Li, xAI was entitled to identify certain files on Li's devices that it wished to review in person, with many confidentiality restrictions in place. That review was only completed this week. During that review, xAI identified new information that further confirmed that OpenAI knew or should have known that Li was disclosing xAI trade secrets to it prior to OpenAI offering Li employment. In light of this newly discovered information, OpenAI's prior refusal to respond to certain third-party discovery requests is plainly improper, and thus xAI intends to file a motion to compel to address these deficiencies next week. *See* Decl. of LeElle B. Slifer ¶¶ 3–4.

> xAI has filed a separate lawsuit against OpenAI in this Court relating to xAI's allegations that Li misappropriated trade secrets. Party discovery in that case has not begun. . . . xAI cannot short-circuit the process of party discovery in its separate litigation against OpenAI by serving premature third-party document requests on OpenAI here.

*See* Ex. B, Non-Party OpenAI's Amended Responses and Objections to Plaintiff x.AI Corp.'s Subpoena, *xAI v. Li*, No. 25-cv-07292 (N.D. Cal. Nov. 21, 2025) (citation omitted).

Likewise, in the *Fraiture* case, xAI filed an application in the Northern District of California under 28 U.S. § 1782 seeking discovery from OpenAI in the U.K.  But similar to its arguments in *Li*, OpenAI successfully opposed that request too by citing the availability of discovery against OpenAI in *this* case.  *See* Ex. C, Respondent OpenAI's Opposition to Application for an Order Pursuant to 28 U.S.C. § 1782, *In re Application of x.AI LLC for Subpoena to OpenAI, Inc.*¸ No. 3:25-mc-80299 (N.D. Cal. Oct. 20, 2025), ECF No. 16 ("[xAI] has pending litigation in this District based on substantially identical allegations where, if warranted, discovery could be taken."); Ex. D, Order Denying Application Pursuant to 28 U.S.C. § 1782, *In re Application of x.AI LLC for Subpoena to OpenAI, Inc.*¸ No. 3:25-mc-80299 (N.D. Cal. Nov. 11, 2025), ECF No. 24 ("it is likely that at least some of the discovery that xAI seeks in this proceeding can be obtained once discovery in [the *xAI v. OpenAI* case] opens, which is likely to occur in a matter of a few months").

In light of the ongoing discovery in the related civil cases and the pending federal criminal investigation, xAI now moves for a brief stay in this case.

## ARGUMENT

This Court has the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether a stay is appropriate, courts consider the "possible damage which may result from the granting of a stay"; the "hardship or inequity which a party may suffer in being required to go forward"; and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. at 1110 (citation modified).  The Ninth Circuit has alternatively described those factors simply as "judicial efficiency" and the "relative

hardships" that granting or denying a stay may cause. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1086–87 (9th Cir. 2024).

Applying those factors, courts in this district "routinely" grant stays "where there are overlapping issues of fact or law" raised in another pending case. *Vance v. Google LLC*, 2021 WL 534363, at *3 (N.D. Cal. 2021); *see also, e.g.*, *Noble v. JP Morgan Chase Bank*, 2022 WL 4229311, at *9 (N.D. Cal. 2022) (granting a stay where resolution of related claims in state court would "illuminate similar issues" in the federal lawsuit); *McElrath v. Uber Techs., Inc.*, 2017 WL 1175591, at *6–7 (N.D. Cal. 2017) (granting a stay where one case was "in its early stages" and the outcome of the other case would "have a significant impact on this case"). Under such circumstances, a court may find "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation modified).

Here, both judicial efficiency and the balance of the relative hardships counsel strongly in favor of granting a brief stay.

### 1. A stay will promote judicial efficiency.

First, judicial efficiency, "the primary basis courts consider when ruling on motions to stay," strongly favors a stay. *Vance*, 2021 WL 534363, at *6.

The Ninth Circuit has "repeatedly held" that district courts may "stay[] litigation for efficiency reasons pending resolution of other related proceedings." *PG&E Corp.*, 100 F.4th at 1086. Clear "efficiency reasons" support a brief stay here. *See id.* xAI's case against OpenAI is closely intertwined with the exact same facts and issues in the other related proceedings. The ongoing factfinding in those other cases will likely produce information relevant to xAI's claims against OpenAI—including by better elucidating the role OpenAI played in Li and Fraiture's theft of xAI's source code. Pushing forward in this case while factfinding proceeds in those cases will only necessitate further amendment and motion-

to-dismiss briefing here. *See, e.g.*, *Langley v. Guiding Hands Sch., Inc.*, 2022 WL 605358, at \*3 (E.D. Cal. Mar. 1, 2022) (granting stay where "Plaintiffs anticipate the criminal proceeding will lead to more information bearing on the civil case, which will necessitate an additional motion for leave to amend"). It is therefore more efficient to permit those proceedings to unfold first, in the hopes of simplifying the issues and "avoid[ing] duplicative or unnecessary tasks." *Vance*, 2021 WL 534363, at \*6 (citation modified).

Indeed, this Court recognized at the motion-to-dismiss hearing the considerable overlap between xAI's case against Li and xAI's case against OpenAI. The Court noted that the *Li* case would provide an "opportunity for that very same discovery" that xAI undoubtedly would seek in the *OpenAI* case, and acknowledged that "it could well come out in discovery that these folks were coordinating with OpenAI at the time that they were being recruited and also taking information from xAI." *See* Ex. A, Mot. to Dismiss Hr'g Tr. 14:9–18 (Feb. 3, 2026). Thus, given that xAI is actively pursuing related discovery of OpenAI in the *Li* matter—and that xAI will have to compel compliance no less—judicial economy is best served by allowing that discovery to proceed first and staying this case in the meantime.

In addition, the pending federal criminal investigation could also shed light on facts relevant to xAI's case against OpenAI. Courts routinely grant stays of "parallel civil proceeding[s]" where "[a]llowing [a] criminal action to proceed first may narrow the issues and streamline discovery in the civil proceeding." *SEC v. Alexander*, 2010 WL 5388000, at \*5 (N.D. Cal. 2010) (Koh, J.); *see also Wroth v. City of Rohnert Park*, 2018 WL 888466, at \*3 (N.D. Cal. 2018) ("The resolution of the criminal matter may narrow the scope of civil discovery. This will promote judicial efficiency and may benefit nonparties."). While here the criminal investigation is ongoing and no charges have yet been filed, the pending investigation poses comparable obstacles to xAI in obtaining information from Li in discovery. *See, e.g.*, Ex. E, Defendant's Identification of Fifth Amendment Issues Related to the Temporary Restraining Order 2–8, *x.AI Corp. v. Li*, No. 3:25-cv-07292 (N.D. Cal. Sept. 3, 2025), ECF No. 27; *cf.*

*Alexander*, 2010 WL 5388000, at *1, 3 (granting criminal defendant's request for stay of related civil matter where the "factual allegations in the two cases are substantially the same" and the defendant expected "to assert his Fifth Amendment privilege in response to any discovery"). Moreover, the criminal investigation may well unearth additional information relevant to xAI's claims against OpenAI. So judicial economy likewise favors briefly staying this case to permit sufficient time for substantial progress to be made in the criminal investigation.

**2. The relative hardships to OpenAI and xAI cut in favor of granting a stay.**

Second, when "weigh[ing] the relative hardships that a stay might cause," the balance here cuts decisively in favor of granting a stay. *See PG&E Corp.*, 100 F.4th at 1087. While a brief stay would not harm OpenAI, denying a stay would risk considerable inequity to xAI.

OpenAI cannot credibly claim any cognizable harm from a stay in this case. The Court has dismissed xAI's complaint against OpenAI, so a stay will impose no burden on OpenAI. And courts are "generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015).

By contrast, xAI potentially faces considerable inequity if a stay is denied. This Court dismissed xAI's complaint for insufficiently pleading a link between the trade-secrets misappropriation and "the conduct of OpenAI itself." Order Granting Mot. to Dismiss 1 (Feb. 24, 2026), ECF No. 73. But as discussed above, the other ongoing proceedings may well "illuminate" the link to OpenAI that this Court previously found lacking. *Noble*, 2022 WL 4229311, at *9. Basic fairness counsels that xAI should have the opportunity to incorporate such information into its amended complaint.

Moreover, independent of this case, xAI has sought third-party discovery from OpenAI in the *Li* and *Fraiture* matters. But OpenAI has resisted xAI's discovery requests in those cases by pointing to xAI's eventual ability to get discovery in *this* case, prolonging the discovery process in the other matters and requiring xAI to file a motion to compel in *Li*. Given the ongoing discovery disputes in those other

matters, a stay is even more necessary in this case to permit sufficient time for relevant discovery to unfold. To the extent that discovery produces information further supporting OpenAI's involvement in the misappropriation of xAI's trade secrets, xAI should be able to rely upon that information in crafting its amended complaint.

OpenAI nonetheless opposes xAI's request for a stay and has even refused to stipulate to a briefing schedule that would permit the Court to consider xAI's motion in advance of the upcoming March 17 deadline to amend the complaint. *See* Decl. of LeElle B. Slifer ¶¶ 5–6. But if, as OpenAI insists, there is no connection between OpenAI and the multiple thefts of xAI's trade secrets last summer, there should be no harm to OpenAI in briefly staying this case while discovery progresses in the related matters.

Denying a stay would trap xAI in a catch-22: the Court has held that xAI cannot proceed in its suit against OpenAI unless it provides more detailed allegations establishing a link to OpenAI, but OpenAI wants to force xAI to amend its complaint before further inculpatory information about OpenAI comes to light in the ongoing parallel proceedings. That result would be inequitable. The Court should reject OpenAI's attempt to shield itself from liability for wrongdoing that xAI anticipates will come further to light in the parallel proceedings.

## CONCLUSION

For the foregoing reasons, xAI respectfully requests that the Court grant its motion to stay proceedings in this case for six months.

Dated: February 27, 2026

**WINSTON & STRAWN LLP**

By: */s/ LeElle B. Slifer*
KATHI VIDAL (State Bar No. 194971)
kvidal@winston.com
MATTHEW R. MCCULLOUGH (State Bar No. 301330)
mrmcullough@winston.com
CARSON SWOPE (State Bar No. 353352)
cswope@winston.com
**WINSTON & STRAWN LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858-6500
Facsimile: (650) 858-6550

LEELLE B. SLIFER (*pro hac vice*)
lslifer@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Attorneys for Plaintiffs X.AI CORP. and X.AI LLC