# Exhibit 12

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
ZACHARY M. BRIERS
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER

JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.
JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
SKYLAR B. GROVE
LAURA M. LOPEZ
DANE P. SHIKMAN
SAMUEL H. ALLEN
J. MAX ROSEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
PAUL E. MARTIN
MATTHEW MIYAMOTO
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
ROBERT E. BOWEN

RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA
STEVEN B. R. LEVICK
JANELLE KRUMMEN
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
FELIPE DE JESÚS HERNÁNDEZ
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
NATASHA GEILING
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
KAYSIE GONZALEZ
ALEXIS D. CAMPBELL

KYRA E. SCHOONOVER
WENDY Q. XIAO
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
LIAM GENNARI
CHARLES LAM
MICHAEL X. WEI
MAGGIE BUSHELL
REBECCA J. HANSEN
CONNOR HOGE
SARAH M. PFANDER
ELIZABETH ANASTASI
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
ABIGAIL K. BESSLER
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
MOHAMED SAID
JIN NIU
SHUYU SUN
REBECCA M. HO

_____

OF COUNSEL

KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
JEREMY S. KREISBERG
NICOLE M. HOWELL
TERESA A. REED DIPPO

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

_____

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

_____

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

September 19, 2025

**VIA E-MAIL**

Writer's Direct Contact
(415) 512-4027
(415) 644-6927 FAX
carolyn.luedtke@mto.com

Kathi Vidal
Winston & Strawn
KVidal@winston.com

     Re:    ▇▇▇▇▇▇▇▇▇▇

Dear Kathi:

    This responds to your outreach about ▇▇▇▇▇▇ by letter on September 16 and your email last night. I will focus here on ▇▇▇▇▇▇ and I will respond separately about the misplaced allegations of broader wrongdoing by OpenAI, which OpenAI vigorously disputes.

    I understand ▇▇▇▇▇▇ was employed by xAI for three months ending July of 2025. When ▇▇▇▇▇▇ began work at OpenAI this week, OpenAI reiterated to him, as it does with all incoming employees, that he should not disclose or use confidential information from prior employers. He said he understood that obligation. After receiving your letter, ▇▇▇▇▇▇ was further reminded of his obligations and has confirmed he has not disclosed to OpenAI any confidential information, or used any such information at OpenAI. OpenAI has no reason to believe that it has received confidential xAI information, no reason to believe that ▇▇▇▇▇▇ will not honor his obligations, and no reason to believe he has breached his confidentiality obligations.

    Your email last night suggests that ▇▇▇▇▇▇ cannot work on certain aspects of OpenAI's business, such as "datacenter strategy, vendor negotiations, [or] cloud infrastructure planning," given his three months at xAI. That is not the law. As you know, California does not enforce non-competes, and ▇▇▇▇▇▇ did not have one. California also has long-rejected the doctrine of inevitable disclosure, and courts in California assume that employees like ▇▇▇▇▇▇ can work for a competitor, honor their confidentiality obligations to a prior employer, and not use confidential information from that prior employer that is in their memory. That is just what ▇▇▇▇▇▇

MUNGER, TOLLES & OLSON LLP

September 19, 2025
Page 2

████████ is doing.  There is no basis for limiting him from engaging in his profession and working at OpenAI.

With respect to any specific allegations of wrongdoing that would undermine the presumption that he can and will honor his confidentiality obligations, your letter is short on any facts and further unclear on whether you believe he has transferred confidential information to OpenAI.  In my September 16 response, I asked for more information on your allegation that he has already misused confidential information so that we could investigate if you believe that occurred at OpenAI.  For example, I asked for specific file names <u>or</u> descriptions of specific information that you believed had been disclosed.  You did not answer my questions so I am left to assume you do not have any specific evidence of any alleged misconduct by ████████ beyond your concern that he is working in the AI space and did not yet sign a Termination Certification that you allege that you sent.

With respect to the Termination Certification, your letter includes a screen capture of a portion of an email exchange between ████████ and an attorney at Quinn Emanuel, but you have not provided the entire thread, and the snipped portion does not include a request to sign a Termination Certification and does not identify any particular alleged violation of ████████ confidentiality agreement.  Please provide us with the full email exchange, as well as any other written communications with ████████ regarding the Termination Certification.  If you contend that xAI communicated orally with ████████ about the Termination Certification, please provide us with the details of those conversations so that we can better evaluate your request.  We have no objection in principle to our encouraging him to sign an agreement that reiterates that he will follow the confidentiality obligations outlined in his agreement with xAI.  Our understanding is that he is following the terms of that agreement.  However, on reviewing the Termination Certificate you sent, it appears more expansive than that.  Once we have the full context from you about what was sent to him, when, and what the alleged refusal was, if you have not otherwise obtained a response from him directly, we are happy to work with you.

In closing, going forward, please provide specific concerns and information about ██ ████████, if you have them, rather than broad threatening rhetoric, which is not productive.  OpenAI takes concerns about misappropriated confidential information seriously, and it also respects the right of competitors to compete for talent fairly and without bullying or oppression.  ████████, like all California employees, is free to choose the job that he wants to take and to choose to work for the employer that provides the best opportunities for him without interference or harassment.  And OpenAI is entitled to hire the best talent it can identify and to compete for that talent, which it has done.  But xAI is not entitled to threaten, bully or falsely accuse individuals who decide that they no longer want to work for xAI.

MUNGER, TOLLES & OLSON LLP

September 19, 2025
Page 3

       We remain ready to evaluate the information you have to offer and move forward in what can hopefully be a more productive dialog.  I am also happy to get on the phone this afternoon or on Monday if you believe a conversation would be helpful.  Just let me know a time that works for you.


       Very truly yours,

       */s/ Carolyn Hoecker Luedtke*

       Carolyn Hoecker Luedtke

cc:    Jonathan Kravis (Jonathan.Kravis@mto.com)
       Dane Shikman (Dane.Shikman@mto.com)
       Gabriel Bronshteyn (Gabriel.Bronshteyn@mto.com)