# Exhibit 14

MUNGER, TOLLES & OLSON LLP

RONALD L. OLSON
CARY B. LERMAN
GREGORY P. STONE
BRAD D. BRIAN
GEORGE M. GARVEY
WILLIAM D. TEMKO
JOHN W. SPIEGEL
DONALD B. VERRILLI, JR. P.C.
JOSEPH D. LEE
MICHAEL R. DOYEN
MICHAEL E. SOLOFF
GLENN D. POMERANTZ
HENRY WEISSMANN
KEVIN S. ALLRED
JEFFREY A. HEINTZ
STUART N. SENATOR
KELLY M. KLAUS
LISA J. DEMSKY
MALCOLM A. HEINICKE
JAMES C. RUTTEN
RICHARD ST. JOHN
ROHIT K. SINGLA
CAROLYN HOECKER LUEDTKE
KATHERINE M. FORSTER
BLANCA FROMM YOUNG
SETH GOLDMAN
GRANT A. DAVIS-DENNY
JONATHAN H. BLAVIN
DANIEL B. LEVIN
MIRIAM KIM
HAILYN J. CHEN
BETHANY W. KRISTOVICH
JACOB S. KREILKAMP
JEFFREY Y. WU
HEATHER E. TAKAHASHI
ERIN J. COX
BENJAMIN J. HORWICH
E. MARTIN ESTRADA
BRYAN H. HECKENLIVELY
ELAINE J. GOLDENBERG P.C.
GINGER D. ANDERS P.C.
MARGARET G. MARASCHINO
JOHN M. GILDERSLEEVE
ADAM B. WEISS
ACHYUT J. PHADKE
ZACHARY M. BRIERS
KURUVILLA J. OLASA
JUSTIN P. RAPHAEL
ROSE LEDA EHLER

JOHN W. BERRY
ROBYN K. BACON
JORDAN D. SEGALL
JONATHAN KRAVIS P.C.
JOHN L. SCHWAB
L. ASHLEY AULL
WESLEY T.L. BURRELL
CRAIG JENNINGS LAVOIE
JENNIFER L. BRYANT
NICHOLAS D. FRAM
VINCENT Y. LING
VICTORIA A. DEGTYAREVA
JOHN B. MAJOR
RACHEL G. MILLER-ZIEGLER P.C.
FAYE PAUL TELLER
STEPHANIE G. HERRERA
JULIANA M. YEE
COLIN A. DEVINE
GIOVANNI S. SAARMAN GONZÁLEZ
ANNE K. CONLEY
DAVID W. MORESHEAD
ANDREW D. GARELICK
SKYLAR B. GROVE
LAURA M. LOPEZ
DANE P. SHIKMAN
SAMUEL H. ALLEN
J. MAX ROSEN
ROWLEY J. RICE
LAUREN E. ROSS
BENJAMIN G. BAROKH
ABE DYK
MEGAN MCCREADIE
RAQUEL E. DOMINGUEZ
ARIEL TESHUVA
SHANNON GALVIN AMINIRAD
XIAONAN APRIL HU
CARRIE C. LITTEN
JAMES R. SALZMANN
SEAN P. BARRY
MICHAEL I. SELVIN
HUNTER V. ARMOUR
NATHANIEL F. SUSSMAN
OLIVER BROWN
PAUL E. MARTIN
MATTHEW MIYAMOTO
REBECCA L. SCIARRINO
CORY M. BATZA
BRIAN R. BOESSENECKER
ROBERT E. BOWEN

RICHARD T. JOHNSON
GRACE DAVIS FISHER
LAUREN N. BECK
CALEB W. PEIFFER
JAMIE LUMA
STEVEN B. R. LEVICK
JANELLE KRUMMEN
WILLIAM M. ORR
GABRIEL M. BRONSHTEYN
ROSIO FLORES ARRIAGA
JESSICA O. LAIRD
ERICA C. TOOCH
SARAH E. WEINER
EVAN MANN
ANDREW T. NGUYEN
SARA H. WORTH
MIRANDA E. REHAUT
STEPHANY REAVES
LAUREN E. KUHN
GARRETT SOLBERG
TED KANG
ADAM W. KWON
JOSEPH N. GLYNN
SIMON K. ZHEN
CARSON J. SCOTT
ROMAN LEAL
MATTHEW W. LINSLEY
ADEEL MOHAMMADI
TAYLOR L. BENNINGER
LORRAINE L. ABDULAHAD
CLARE KANE
SIDNEY M. EISNER
HELEN ELIZABETH WHITE
ALISON A. DOYLE
FELIPE DE JESÚS HERNÁNDEZ
JASON D. WEISS
HENRY D. SHREFFLER
MILES W. UNTERREINER
LYNDSEY FRANKLIN
ANDREW DELAPLANE
ARIELLA PARK
LAURA PERRY STONE
NATASHA GEILING
JOSEPH MANTEGANI
GRAHAM J. WYATT
WESLEY P. DEVOLL
LAUREN A. BILOW
KAYSIE GONZALEZ
ALEXIS D. CAMPBELL

KYRA E. SCHOONOVER
WENDY Q. XIAO
DANIEL KANE
ADITI NARESH GHATLIA
ALBERTO J. DE DIEGO-HABEL
KYLE A. SCHNEIDER
CARL H. JIANG
BOBBY H. KIM
CLAIRE I. ROGERSON
LIAM GENNARI
CHARLES LAM
MICHAEL X. WEI
MAGGIE BUSHELL
REBECCA J. HANSEN
CONNOR HOGE
SARAH M. PFANDER
ELIZABETH ANASTASI
KEVIN HAN YANG
CORDELL A. BROWN
QIANZHE DANNY ZHANG
ABIGAIL K. BESSLER
KYLE A. GROVES
ESTHENA BARLOW
CY EMEKA RAY
SUSANNAH M. L. GAGNON
DANIEL E. RUBIN
MOHAMED SAID
JIN NIU
SHUYU SUN
REBECCA M. HO
SASHA YUSUF
KEVIN CHIU
NICOLE R. ALLICOCK

OF COUNSEL
KATHLEEN M. MCDOWELL
PATRICK J. CAFFERTY, JR.
DAVID H. FRY
BRADLEY R. SCHNEIDER
PETER E. GRATZINGER
ADAM R. LAWTON
SARAH J. COLE
ALLISON M. DAY
JEREMY S. KREISBERG
NICOLE M. HOWELL
TERESA A. REED DIPPO

SEE MTO.COM FOR
JURISDICTIONS OF ADMISSION

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

October 3, 2025

Writer's Direct Contact
(415) 512-4027
carolyn.luedtke@mto.com

**VIA E-MAIL**

Kathi Vidal
Winston & Strawn LLP
KVidal@winston.com

Re:     *X.AI Corp. v. OpenAI, Inc.* (No. 3:25-cv-08133-RFL) – Allegations in Complaint

Dear Counsel:

I am writing again to follow up on my September 19 letter.  In that letter, I explained that we found no evidence to corroborate your allegations after a reasonable investigation, and asked for additional information about the factual basis for your claims.  Rather than respond to that letter, you filed a lawsuit on behalf of xAI five days later, alleging trade secret misappropriation based on factual assertions that appear to have no basis.  Any reasonable pre-suit inquiry would have confirmed that these allegations are factually unfounded.  We ask that you identify the evidentiary support for the allegations referenced here.  If you contend that there was sufficient basis to believe that these allegations were true when the Complaint was filed, then OpenAI's Answer filed yesterday—which outlines in specific detail why these allegations are wrong— should dispel any such belief.  We now ask you to withdraw these claims.

First, xAI's Complaint alleges that Xuechen Li made an interview presentation to OpenAI on July 13 containing xAI confidential information.  Compl. ¶ 51.  We explained to you in our September 19 letter that we investigated this concern and found no support for it.  We asked you to provide more information to allow us to see if we missed anything in our investigation.  You

MUNGER, TOLLES & OLSON LLP

Kathi Vidal
October 3, 2025
Page 2

provided no response.  In fact, OpenAI intentionally did not invite Li to present on any prior work specifically to avoid any misperception of sensitive information transfer.  I ask you again to please explain exactly the basis for your claim that Li actually presented confidential information to OpenAI on July 13.

Second, xAI's Complaint insinuates that Li transferred xAI's source code to OpenAI, potentially through a cloud storage link that OpenAI's recruiter sent to Li.  Compl. ¶¶ 54-60.  But you apparently had access to Li's emails and Signal messages, so you knew that the link OpenAI sent to Li was a (read-only) DocSend link for standard hiring paperwork—not a portal to upload source code.  You can see confirmation of that in our Answer that we filed yesterday.  Notably, you did not raise this claimed worry about a link sent by Tifa Chen with us before filing suit, which would have allowed us to investigate and work to address any improper transfer if it had occurred.  In my September 19 letter, I asked for more information, and you did not provide it.  Please explain what basis you had to allege in the Complaint that any source code transferred to any repository owned or controlled by OpenAI or its employees.

Third, xAI's Complaint repeatedly alleges that OpenAI directed, rewarded, encouraged or induced Li, Fraiture, and a senior finance executive to steal xAI's trade secrets.  *E.g.*, Compl. ¶ 126.  Other than the fact that OpenAI spoke with these individuals during the hiring process before they chose to become employed at OpenAI, and chose to pay them as employees, please explain what factual evidence you have that OpenAI did anything remotely resembling these allegations.

These allegations are just some of the examples in xAI's Complaint that appear to have no factual grounding whatsoever, and even a cursory investigation would have revealed them to be untrue.  To the extent xAI believes it had a good faith basis to make these allegations at the time of its lawsuit, you now have received OpenAI's Answer, which refutes xAI's allegations with specific facts showing the claims to be groundless.  In light of the foregoing, we ask that you withdraw your Complaint immediately.

Please respond by October 8.  We reserve all rights to seek any and all appropriate relief, including sanctions as appropriate and attorneys' fees for prosecuting a bad-faith misappropriation claim.

Respectfully,

*s/ Carolyn Hoecker Luedtke*

Carolyn Hoecker Luedtke

cc:    Jonathan Kravis (jonathan.kravis@mto.com)
       Dane Shikman (dane.shikman@mto.com)
       Gabriel Bronshteyn (gabriel.bronshteyn@mto.com)