# Exhibit 21

| | |
|---|---|
| **From:** | Luedtke, Carolyn |
| **To:** | Vidal, Kathi |
| **Cc:** | Kravis, Jonathan; McCullough, Matt; Swope, Carson; Slifer, LeElle B. |
| **Subject:** | RE: Ethan Knight |
| **Date:** | Monday, October 20, 2025 2:48:09 PM |

Kathi,

Thanks for your email.  I'm surprised that you would now express concern over information that Ethan Knight shared with Ms. Lim at xAI openly and in detail on Tuesday, September 2 in prompt response to her Saturday, August 30 letter.  Mr. Knight has been seeking guidance on whether he could delete this residual information from his work at xAI since that time, without success.  And I heard nothing back from Ms. Lim to my September 12 outreach, more than a month ago.  I disagree with your assertions in your email.  I understand that your colleague Matt McCullough would like to speak about this issue tomorrow at 10am during a call we already have on calendar, so I look forward to continuing any dialog on this then.
Regards,
Carolyn

**Carolyn Hoecker Luedtke** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel:  415.512.4027 | Fax:  415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

**From:** Vidal, Kathi <KVidal@winston.com>
**Sent:** Monday, October 20, 2025 2:40 PM
**To:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Cc:** Kravis, Jonathan <Jonathan.Kravis@mto.com>; McCullough, Matt <MRMcCullough@winston.com>; Swope, Carson <CSwope@winston.com>; Slifer, LeElle B. <LSlifer@winston.com>
**Subject:** RE: Ethan Knight

Carolyn,

I received your email below to xAI counsel Lily Lim. Please direct any future communications about Ethan Knight to me.

As for your email, we are deeply concerned by your admission that Mr. Knight has maintained copies of unspecified "xAI related material" and by your attempt to deflect responsibility to xAI for Mr. Knight's decision to improperly keep this information.  Even assuming Mr. Knight was authorized to access such information on his personal devices/accounts while he was employed by xAI, he was required to, upon his departure from xAI, return "all copies" of xAI information and to provide a "computer-useable copy of all such Confidential Information [on any personal devices/accounts] and then permanently delete and expunge such Confidential Information from those systems."   Employee Confidential Information and Invention Assignment Agreement ("ECIIAA"), ¶ 8.  Your email makes clear that he has violated this

agreement.

Your proposal to employ some unspecified forensics vendor to review xAI confidential information is wholly inappropriate.  Mr. Knight must not compound the harm of his violation of the ECIIAA by further disclosing xAI confidential information to a third-party that has not been authorized by xAI to access such information.

Accordingly, we demand that, pursuant to the ECIIAA, Mr. Knight "provide Company access to my system as reasonably requested to verify that the necessary copying and/or deletion is completed."  ECIIAA, ¶ 8.  Specifically, Mr. Knight should surrender all device(s) and account(s), including any credentials necessary to access those devices/accounts, that contain any "xAI related material," as referenced in your email, to forensics vendor Nardello & Co. LLC for forensic imaging and analysis to identify and confirm deletion of all xAI information.  Please confirm that Mr. Knight will do so within 3 days.

If Mr. Knight fails to do so, we reserve all rights to seek any appropriate relief against Mr. Knight and/or OpenAI.

Kathi


---------- Forwarded message ---------
From: **Luedtke, Carolyn** <Carolyn.Luedtke@mto.com>
Date: Wed, Oct 8, 2025 at 12:09 PM
Subject: RE: Ethan Knight
To: lily@x.ai <lily@x.ai>
Cc: mary@x.ai <mary@x.ai>, Kravis, Jonathan <Jonathan.Kravis@mto.com>


Ms. Lim,

I am writing to follow up on my message below from September 12, to which you never responded. As you know, I am counsel for Ethan Knight.  I had asked for direction on what he should do with xAI related material that remains on his personal phone that xAI asked him to use for work, and you provided none.  It has now been over three weeks with no response.  Because you have provided no guidance or response, we will go ahead and work with a forensic vendor to make a preservation copy of this material to be kept securely outside of Mr. Knight's possession and have the vendor deleted the material from his personal devices and accounts.  I would like to reiterate my request that xAI take whatever steps it can working with X or other accounts to remove Mr. Knight from x-Chats, Signal chats, etc. that he had been using with his personal accounts and that you stop any efforts to add him back into those groups or push those messages out to his personal accounts.

Regards,
Carolyn

**Carolyn Hoecker Luedtke** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4027 | Fax: 415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

---

**From:** Luedtke, Carolyn <Carolyn.Luedtke@mto.com>
**Sent:** Friday, September 12, 2025 1:20 PM
**To:** lily@x.ai
**Cc:** mary@x.ai; Kravis, Jonathan <Jonathan.Kravis@mto.com>
**Subject:** Ethan Knight

Ms. Lim,

I am counsel for Ethan Knight, your former employee and a current employee of OpenAI. Mr. Knight shared with me your exchange about whether he has confidential xAI information.

Mr. Knight has honored and will continue to honor his confidentiality obligations to xAI. He has attempted to cooperate with xAI. Your further questions, however, are confusing.

Mr. Knight's original response to you outlined the personal accounts and devices that have residual xAI information from his communications during the ordinary course of his work. As you know, xAI asked its employees to use their personal phones for work and did not provide work phones. Moreover, it asked employees to use personal X accounts for work communications that involved Elon Musk and the engineering staff. And, xAI employees like Mr. Knight sometimes used Signal and text messages on their personal phones for xAI communication. Mr. Knight outlined all of that for you in his original message. He also noted that he has some notes and photos that he has as part of xAI work over the course of his time there. Nobody asked him on his departure to review for materials in the personal accounts and so he did not do so until he received your message. He is now asking if he should go ahead and delete.

Your message asked him to list any "communication means, including X chat, Signal, or others" on which he had "xAI communications" from his time working at xAI. He did that in his original message to you. So it is not clear what more you want there. For all those personal accounts that he identified in his original message, you ask him to please "list out the subject of the communications therein." He already told you in his original message that the subject was his work at xAI and the communications were done over the course of his time at xAI. He can further confirm that none of those communications occurred after he left xAI and that he has not used or disclosed those xAI communications since leaving.

If your message is asking him to make a log describing the substantive content of every work-related communication on his personal accounts during his tenure at xAI, then I have a real concern. It is surprising that you would ask Mr. Knight to review the substance of those communications now that he is working at OpenAI. As a legal matter, it is highly doubtful that the contents of communications

sent and received on Mr. Knight's personal device constitute trade secret or confidential information, particularly in light of the fact that no one at xAI told him to delete these communications when he left the company. But in any event, Mr. Knight has not used these communications since he left xAI and agrees not to do so. In his original message, Mr. Knight asked you for instructions on the handling of these communications, but you have not provided a clear response.

Going forward, please direct all communications to Mr. Knight to me. We would like to get this sorted our efficiently and clearly and in a way that (a) does not require Mr. Knight to access any xAI information, (b) does not create undue burden on Mr. Knight, and (c) allows Mr. Knight to delete old communications and pictures reflecting his work at xAI. May he go ahead and delete those messages and pictures? And for the X-Chat messages with xAI people about xAI work from his time working at xAI, if those can be deleted securely by X, can X please do that promptly? Mr. Knight does not want to be in possession of any of this xAI information, whether it is confidential or not.

I look forward to your response. If you would like to discuss directly, please let me know.

Best regards,
Carolyn Luedtke
Munger, Tolles & Olson

**Carolyn Hoecker Luedtke** | **Munger, Tolles & Olson LLP**
560 Mission Street | San Francisco, CA 94105
Tel: 415.512.4027 | Fax: 415.644.6927 | carolyn.luedtke@mto.com | www.mto.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.