UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPACEXAI CORP, et al.,<br>Plaintiffs,<br>v.<br>OPENAI, INC., et al.,<br>Defendants. | Case No. 25-cv-08133-RFL<br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER 18 U.S.C. § 1836 AND CAL. CIV. CODE § 3426.4**<br>Re: Dkt. No. 115 |

Defendants, collectively referred to as OpenAI, seek over $1 million in attorneys' fees from Plaintiffs, collectively referred to as SpaceXAI, under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). Both statutes authorize courts to "award reasonable attorney's fees to the prevailing party" if a claim of trade secret "misappropriation is made in bad faith." 18 U.S.C. § 1836(b)(3)(D); Cal. Civ. Code § 3426.4 (citation modified). "Bad faith" under CUTSA is assessed using a "two-prong standard: (1) objective speciousness of the claim, and (2) subjective bad faith in bringing or maintaining the action, i.e., for an improper purpose." *FLIR Sys., Inc. v. Parrish*, 95 Cal. Rptr. 3d 307, 313 (2009). Courts in California routinely apply the same standard when analyzing DTSA claims. *See, e.g.*, *Swarmify, Inc. v. Cloudflare, Inc.*, No. C 17-06957 WHA, 2018 WL 4680177, at *2 (N.D. Cal. Sept. 28, 2018); *see also Gorovenko v. Activate Clean Energy LLC*, No. 24-5840, 2025 WL 2911122, at *2 (9th Cir. Oct. 14, 2025) ("[W]e assume without deciding that 'bad faith' under the DTSA has the same meaning as under the CUTSA.").

Though SpaceXAI's claims were ultimately dismissed, they were not objectively specious. (*See* Dkt. No. 110 (granting motion to dismiss second amended complaint without

leave to amend).) "Objective speciousness exists where the action superficially appears to have merit but there is a complete lack of evidence to support the claim." *SASCO v. Rosendin Elec., Inc.*, 143 Cal. Rptr. 3d 828, 834 (2012).

Evidence in this case is limited because it was dismissed on the pleadings. Even so, the uncontroverted record shows that OpenAI had a pattern of recruiting and hiring former SpaceXAI engineers over a short time period. (*See* Dkt. No. 31 ¶¶ 91, 114.) And SpaceXAI plausibly alleged trade secret theft by at least two of the former employees OpenAI sought to recruit in that time. (*See* Dkt. No. 73 at 14 ("While xAI alleges significant acts of misappropriation by those two when they left the company, that is not enough to infer that either of them used the misappropriated information at OpenAI.") (emphasis omitted).) SpaceXAI further alleged that the circumstances suggested OpenAI had encouraged those former employees to share trade secret information with OpenAI. In the end, SpaceXAI's allegations fell short of permitting a plausible inference that OpenAI actively acquired or induced SpaceXAI's formers employes to exfiltrate SpaceXAI's confidential information. (*See* Dkt. No. 110.) But that does not mean that SpaceXAI's allegations were based on "a complete lack of evidence." *SASCO*, 143 Cal. Rptr. 3d at 834. Because SpaceXAI's claims were not objectively specious, the Court does not reach the subjective bad faith prong. OpenAI's motion for attorneys' fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2026

RITA F. LIN
United States District Judge